ALBERT SANGER, ADMINISTRATOR (ESTATE OF ESTHER SANGER) *v.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

184

Argued February 1st—decided April 8th, 1938.

*Theodore E. Steiber,* for the appellant (plaintiff).

*Harry Schwartz,* for the appellee (defendant).

HINMAN, J. The original plaintiff, Esther Sanger, died after the commencement of the action. Her administrator was substituted as plaintiff and filed a supplemental complaint, including an allegation that "Esther Sanger gave the defendant notice of said defective sidewalk in accordance with law." The defendant alleged in a special defense that no notice was given other than one quoted therein which patently was deficient in respect to description of the claimed injuries and the place of occurrence. The plaintiff's reply admitted that no other notice was given but alleged that it was prepared by an assistant to the city clerk of Bridgeport, upon whom the plaintiff relied for its preparation and to whom was given all essential facts which were necessary for a notice sufficient to the requirements of the statute (General Statutes, § 1420) and, by a later amendment, that the Legislature by special act validated the notice. To this amended reply the defendant demurred on grounds, all of which were sustained, asserting the necessity of notice complying with the requirements of the statute, lack of waiver or estoppel arising from the giving of information to and preparation of notice by the assistant to the city clerk, and that the special act relied on is unconstitutional and invalid. The first two grounds are sound (*Nicholaus* v. *Bridgeport*, 117 Conn. 398, 167 Atl. 826) and are decisive, unless the insufficiency of the notice could be and was cured by the validating act (Special Laws, 1935, No. 466, p. 298) relied on in the amended reply. The constitutionality of this act is the issue on this appeal.

While the act is clumsily worded, the intent sufficiently expressed by it is to obviate the deficiencies in the notice and, notwithstanding them, render it sufficient to maintain the action, which had been commenced in September, 1933. The respects in which

the defendant claims it invalid are that it violates Sections 1 and 12 of Article First of the Constitution of this State by granting the plaintiff an exclusive privilege, and in denying the defendant and others similarly situated with the plaintiff "remedies by due course of law," also that it deprives them of property without due process of law and of the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States. The Superior Court sustained the claim that it violates the equal protection clause.

The effect of the provisions of the ordinary validating act is "to make legal and regular that which was illegal and irregular, or to make valid and obligatory an instrument which because of some defect was invalid and inoperative." *Mazurkiewicz* v. *Dowholonek,* 111 Conn. 65, 69, 149 Atl. 234. Remedial statutes may be retrospective in operation provided they do not impair contracts or disturb absolute vested rights but only go to confirm rights already existing and in furtherance of the remedy, and by curing defects afford or add to the means of enforcing existing rights or obligations. If the irregularity sought to be cured consists in a mode or manner of doing of some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law. 2 Cooley, Constitutional Limitations (8th Ed.) p. 775; 11 Am. Jur., § 381, p. 1211. When the object is to correct an innocent mistake and remedy a resulting impediment to the enforcement of an obligation of one party to another, if the effect is to promote justice the law should be sustained unless it conflicts with vested rights. *Mechanics' & W. M. Mut. Savings Bank* v. *Allen,* 28 Conn. 97, 102; Cooley, Op. Cit., pp. 781, 782. What the Legislature may prescribe it may dispense

with, and it may cure by subsequent act an irregularity of nonobservance of a requirement which it originally might have dispensed with, provided that vested rights have not intervened. *Whittelsey Co.* v. *Windsor Locks,* 90 Conn. 312, 315, 97 Atl. 316; 11 Am. Jur., § 381, p. 1211; *Montgomery* v. *Branford,* 107 Conn. 697, 704, 142 Atl. 574; *Daly* v. *Fisk,* 104 Conn. 579, 584, 134 Atl. 169; *Goshen* v. *Stonington,* 4 Conn. 209.

The notice prescribed by § 1420 of the General Statutes is a condition precedent imposed by the Legislature upon the right to obtain redress, through maintenance of an action at law, for injuries caused by a defect in a highway. *Shalley* v. *Danbury & B. H. Ry. Co.,* 64 Conn. 381, 387, 30 Atl. 135; *Nicholaus* v. *Bridgeport,* supra, 401. The requirement as to notice and the form and content thereof was a creation of the legislative will which did not affect the obligation or liability of the municipality imposed in the same section of the statute, but conditioned maintenance of an action to enforce that liability upon the giving of the notice. As the General Assembly might have omitted to prescribe or provide for such a notice, it was at liberty to change and liberalize the requirements or dispense with them entirely. Section 2020 of the General Statutes of 1902 as amended by Chapter 168 of the Public Acts of 1909 contained the same provision requiring notice as is here involved. In 1917 (Public Acts, Chap. 66) this section was amended by adding what is now the last sentence of § 1420 of the General Statutes of 1930: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." This amend-

ment took effect upon its passage and was made applicable to pending cases, but its validity was sustained in *Schmidt* v. *Manchester,* 92 Conn. 551, 555, 103 Atl. 654.

Moreover, municipalities as political subdivisions of the State, created for public purposes and having their powers, rights and duties conferred and imposed by the State through the Legislature, are subject to its will and liable to have any such rights or duties modified or abolished by it, and not to be regarded as thereby being deprived of any vested rights. *Joslin Mfg. Co.* v. *Providence,* 262 U. S. 668, 674, 43 Sup. Ct. 684; *Trenton* v. *New Jersey,* 262 U. S. 182, 186, 43 Sup. Ct. 534; *East Hartford* v. *Hartford Bridge Co.,* 51 U. S. (10 How.) 511, 540; *Covington* v. *Kentucky,* 173 U. S. 231, 242, 19 Sup. Ct. 383; *New York Life Ins. Co.* v. *Commissioners of Cuyahoga County* (C. C. A.) 106 Fed. 123. In *Hagerstown* v. *Schner,* 37 Md. 180, objection was made that extension by the Legislature of the time of limitation as to causes of action against the city for damages by riot accruing before the passage of the act to five years, while retaining the preëxisting limitation of three years as to those afterward accruing, deprived the city of a vested right to plead the three-year limitation in bar of a suit brought more than three but less than five years after the cause of action accrued. It was noted (p. 196) that the objection was not made by anyone to be personally bound by the judgment but "by a public municipal corporation created by the Legislature for public purposes, charged with the duty and invested with the power to protect the property of the citizen, and deriving its existence and discharging its functions at the will and by the direction of the supreme legislative power of the State. That is the party which asserts as residing in itself, in

its public corporate capacity, this vested right beyond control of its creating and governing power. In our judgment no such vested right exists in the appellants."

It remains to be considered whether the act violates the constitutional guaranty, under the Fourteenth Amendment, of equal protection of the laws. The State may grant privileges to specified individuals without violating any constitutional principle in cases where sufficient reason exists. 2 Cooley, Op. Cit., p. 817. Before a court can interfere it must be able to say that there is no fair reason for the law which would not require with equal force its extension to others whom it leaves untouched. 6 R. C. L., p. 385. In the present case the plaintiffs reply alleges a situation which would afford strong equitable grounds for legislative interference (*Wheeler's Appeal*, 45 Conn. 306, 319) and it is safe and fair to presume that these grounds were considered by the General Assembly and motivated the passage of the special act. Municipalities may be compelled not only to recognize their legal obligations but also to discharge those of an equitable and moral nature. *Joslin Mfg. Co.* v. *Providence*, supra, 674; *Guthrie National Bank* v. *Guthrie*, 173 U. S. 528, 19 Sup. Ct. 513; *State ex rel. Adams* v. *Crawford*, 99 Conn. 378, 386, 121 Atl. 800; *Wrought-Iron Bridge Co.* v. *Attica*, 119 N. Y. 204, 23 N. E. 542; *Hagerstown* v. *Schner*, supra; 1 Cooley, Constitutional Limitations (8th Ed.) p. 491. Here, as applied to the city, as was said in *Apfelbacher* v. *State*, 160 Wis. 565, 576, 152 N. W. 144, of an act permitting a specified person to sue the State, "this act does not enlarge the plaintiff's claim in any manner." The rights which she had flowed from the statute (General Statutes, § 1420) and not from this special act, which "merely removed the bar to suit . . . —permitting the plain-

tiff to assert whatever rights [she] had—there being nothing added to such rights by the act itself." A "well settled principle is, that long continued legislative usage is of controlling weight upon the question of the constitutionality of an act." *Wheeler's Appeal,* supra, p. 315. Examination of the special laws passed by the General Assembly during many years past demonstrates that it has regularly and frequently adopted curative acts applicable to single individuals, corporations or municipalities, and relating to single instances or situations where such remedial measures were deemed meritorious. It has been held, also, that "no right as against a State to the equal protection of the laws is secured to its municipal corporations by this [14th] amendment which can limit in any way legislation to charge them with public obligations. Nor have their inhabitants, in their capacity of members of such corporations, any greater rights or immunities." *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 156, 35 Atl. 24; *New Orleans* v. *New Orleans Water Co.,* 142 U. S. 79, 93, 12 Sup. Ct. 142. We conclude that the act is not invalid upon this or any of the other constitutional grounds advanced by the defendant.

There is error in the sustaining of the demurrer; the judgment is set aside and the case remanded to the Superior Court with direction to overrule the demurrer.

In this opinion the other judges concurred.