## PASQUALINA PISANI
*vs.*
## CHARLES D'ANTONIO, ET ALS.

Superior Court      New Haven County      File #54420

MEMORANDUM FILED JANUARY 7, 1939.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

David M. Reilly, of New Haven; Vincent P. Dooley, Corporation Counsel, of New Haven, for the Defendants.

DICKENSON, J. The action as originally brought was against the City of New Haven and owners and lessee of property known as 167 Columbus Avenue, New Haven, for injuries received as a result of a fall by the plaintiff on a sidewalk on Columbus Avenue in front of No. 167.

To the complaint the city filed a demurrer on the grounds: (1) no allegation of control (2) no allegation of duty to keep the sidewalk free of ice or snow (3) section 2 of Special Acts of 1937, No. 576, purporting to place that duty and liability for failure upon the "adjoining property owner."

The Court held the allegations sufficient to sustain the action if it appeared the city owed the plaintiff a duty to keep the sidewalk free and clear of ice and snow and further held that by virtue of the above act (Special Acts of 1937, No. 576, §2) it had been divested of that duty and sustained the demurrer on that ground.

Other defendants, first answering, obtained permission to and did withdraw answers and filed demurrers. That of the defendants D'Antonio, O'Connor and Reardon was heard in argument and is now to be decided. It is based upon a claim that section 2 of the Special Acts of 1937, No. 576, makes a special exception to sections 1419 and 1420 of the General Statutes, Revision of 1930, which exception is discriminatory and generally violates the Constitution of the State of Connecticut and the Constitution of the United States, and further, is ambiguous.

That it is constitutional so far as the city is concerned has already been decided in this action on the theory that the "Lord

giveth and the Lord taketh away"; that in sections 1419 and 1420 of the General Statutes, Revision of 1930, the State granted a general right to sue its political subdivisions and in Special Acts of 1937, No. 576, it took that right away as to New Haven; that, "What the Legislature may prescribe it may dispense with." *Sanger vs. Bridgeport,* 124 Conn. 183, 198 Atl. 746.

But when it shifts a self-imposed duty from itself to an individual not a political entity, another question arises, and after considerable study I do not feel that it can be answered better than it was by McEvoy, J., in *Fabricator vs. Salovitz,* reported in 6 Conn. Sup. 301, to which reference may be had for reasons supporting the sustaining of the demurrer on both grounds.