·ANTONIO PILLICH ET AL., Petitioners and Appellees, *v.* PATRICK J. FITZSIMMONS, AUDITOR OF PUERTO RICO, ET AL., Respondents and Appellants.

No. 8385.—Argued June 27, 1941.—Decided July 8, 1941.

*Emilio de Aldrey, Acting Attorney General,* and *R. García Cintrón, Assistant Attorney,* for appellants. *C. Iriarte, F. Fernández Cuyar, H. González Blanes,* and *Eduardo Ortiz Reyes,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The petitioners and those represented by them were appointed by the respective presiding officers of the two Houses of the Legislature, to render their services therein as temporary employees from July 1, 1938. It was directed that

their respective salaries be paid from the item "Incidental expenses" included in the General Appropriation Act for the fiscal year 1938–1939, for each House. From that date up to the 31st of the following October, said employees rendered their services and received monthly the compensation assigned to them by the presiding officers of the respective Houses. From the following month of November until the 26th of April, 1939, the persons so appointed went on discharging the duties of their respective positions without being paid their salaries, because of the refusal of the Auditor of Puerto Rico to issue the proper warrants, such refusal being based on an opinion of the Attorney General and on the judgment of this court in *Ortiz Reyes* v. *MacLeod,* 56 P.R.R. 836.

In view of the attitude taken by the Auditor, the Legislative Assembly of Puerto Rico passed Act No. 9, approved April 3, 1940 (Session Laws, p. 296), entitled thus:

"To ratify and validate the acts of the President of the Senate of Puerto Rico and of the Speaker of the House of Representatives of Puerto Rico in designating, as they did designate, under color of authority, the temporary employees of the Senate and of the House of Representatives of Puerto Rico, to be paid from the items of 'Incidentals' of said legislative bodies, fiscal year 1938–1939, the Legislature of Puerto Rico making said acts its own and considering them as if they had at the proper time been authorized by law, and/or recognizing the moral obligation of the People of Puerto Rico to pay for the services so rendered by the said employees; to provide that the payment of the amount for said services so rendered from November 1, 1938, to April 26, 1939, both inclusive, be made by the Auditor and the Treasurer of Puerto Rico as stated in this Act, after a decision is handed down by a competent court, in a declaratory remedy, in regard to the validity of curative or remedial acts passed by the Legislature of Puerto Rico; to appropriate the funds necessary for said purpose, and for other purposes."

Pursuant to the above-cited act, the secretaries of the Senate and of the House of Representatives, respectively, forwarded to the Auditor the vouchers for the payment for the services rendered by said employees, whose total compensation from November 1, 1938, to April 26, 1939, was appropriated by said Act No. 9. The vouchers were returned by the Auditor, on the ground that section 3 of the said act provides that the payment to said employees shall not be made until a competent court shall have rendered a declaratory judgment upholding the validity thereof, and that such condition has not yet been fulfilled. Thereupon, there was filed in the lower court the petition in the instant case praying for a declaratory judgment to the effect that said Act No. 9 is constitutional. The case was taken under advisement by the trial court upon a stipulation duly approved by said court, in which the respondents admitted all the facts alleged in the petition or complaint and in which both parties prayed for a decision: (*a*) as to whether the Legislature of Puerto Rico has power to enact curative statutes, and (*b*) as to whether under Act No. 9, approved April 3, 1940, the respondents may be compelled to effect the payments provided for by said Act.

On the 12th of last May the lower court, on the grounds set forth in the opinion filed with the record, rendered the following judgment:

"For the reasons stated in the opinion attached to the record, Act No. 9 of the Fourth Regular Session of the Fourteenth Legislature of Puerto Rico, approved April 3, 1940, is hereby declared valid, except the provision thereof transcribed below and which is declared void:

" ' . . . ., with the exception that the payments hereby decreed shall not be made until a competent court has handed down a decision in a declaratory remedy, in regard to the validity of curative statutes passed by the Legislature of Puerto Rico.'

"Given at San Juan, Puerto Rico, this 12th day of May 1941.

(Sgd.) Jorge L. Córdova
District Judge."

Appellants' contention rests on the eleventh paragraph of Section 34 of the Organic Act which reads as follows:

"The Legislature shall prescribe by law the number, duties, and compensation of the officers and employees of each house; and no payment shall be made for services to the Legislature from the Treasury, or be in any way authorized to any person, except to an acting officer or employee elected or appointed in pursuance of law."

In view of such a definite provision, it is unquestionable that the presiding officers of the two Houses assumed the exercise of a power which had been expressly conferred, not upon them but upon the Legislature, and therefore they performed an act which was void as unconstitutional. It is likewise unquestionable that the Legislature, in accordance with the same provision, might originally have prescribed by law the number, duties, and compensation of the petitioning employees and delegated to its presiding officers the power to appoint them for each House.

That being so, the next question for determination is whether the Legislature, which originally had power to enact such law, may by means of a curative statute validate the act performed by its presiding officers in violation of the Organic Act. There is no provision in the Organic Act or in any other statute prohibiting this. On the contrary, the prevailing rule in the States as well as in the Federal Government is to the effect that the Legislature may enact any remedial statute validating a law or act, provided the Legislature was originally authorized to enact the validated legislation and provided that such remedial statute does not impair contractual obligations or vested rights secured under a previous legislation. *Stranger* v. *City of Bridgeport*, 116 A.L.R. 1031; *Eaton* v. *Davis*, 10 S. E. (2) 893, cited by appellees; 5 Cornell Law Quarterly, 66–67; 51 H.L.R. 1073; and most especially the recent case of *Swayne & Hoyt, Ltd.* v. *U. S.*, (1937) 300 U. S. 297, 301.

In the case last above cited, there was challenged the validity of an Executive Order of the President, No. 6166,

by virtue of which the President abolished the Governmental agency known as Shipping Board and transferred its functions to the Department of Commerce. Subsequently the Congress ratified the Executive Order of the President. It was urged by the appellant that the Congress was without power to delegate to the President the power to make such transfer and that by his action the President had violated the Constitution. In determining the question raised the Supreme Court of the United States, speaking through its now Chief Justice Stone, said:

"It is unnecessary now to pass on the efficacy of the transfer by Executive Order, for we are of opinion that as Congress itself had power to abolish the Shipping Board and to require its functions to be performed by the Secretary, it had power to recognize and validate his performance of those functions even though their attempted transfer by Executive Order was ineffectual.

"It is well settled that Congress may, by enactment not otherwise inappropriate, 'ratify . . . . acts which it might have authorized.' " (Authorities)

The ratification of the void acts of the presiding officers of the Legislature by Act No. 9 of 1940 did not impair any contractual obligations or vested rights acquired under any previous legislation, for The People of Puerto Rico, which is the only entity that might apparently be prejudiced by said act, is not at all entitled to profit by the work of the petitioners without due compensation.

■ Lastly, we agree with the trial court that such part of Act No. 9 of 1940 as makes it a prerequisite for its effectiveness that its constitutionality should be first upheld by a court of competent jurisdiction, is unconstitutional, because the same is an undue delegation of the legislative power to the judiciary.

As it is our opinion that Act No. 9 of 1940 is valid, except as regards the paragraph already mentioned—whose unconstitutionality does not affect the rest of the act—the judgment appealed from must be affirmed.