TOWN OF WETHERSFIELD *v.* NATIONAL FIRE INSURANCE COMPANY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 13—decided June 17, 1958

*Edward H. Kenyon,* for the appellant (plaintiff).

*Joseph P. Cooney,* for the appellee (defendant).

KING, J. On March 13, 1952, Mary Burghardt sustained personal injuries in a fall upon an icy public sidewalk in the plaintiff town. At that time the defendant had in effect a policy of insurance covering any liability of the plaintiff because of such a fall.

Written statutory notice of the injury was not given the plaintiff by Mary Burghardt until May 10, 1952, more than ten days after the date of her fall. Under the provisions of the applicable statute, now § 1180d of the 1955 Cumulative Supplement, the failure to give the statutory notice within the ten-day period made it necessary to institute suit within that period. Suit in fact was not instituted until March 11, 1953. On March 18, 1953, No. 6 of the Special Acts of 1953 became effective. 26 Spec. Laws 693. This act provided that the Burghardt notice of May 10, 1952, "otherwise valid except that the time limit set by [§ 1180d] . . . had expired, is validated and

declared sufficient to maintain and prosecute to final judgment an action against . . . [the plaintiff] town." It should be noted that the special act did not purport to validate any shortcoming in the notice except as to the time when it was given. See *Bowne* v. *Ide,* 109 Conn. 307, 313, 147 A. 4.

The Burghardt suit was settled on January 18, 1956, during the course of trial. The defendant agreed at the time that the settlement figure, which was well within the policy limits, was under all the circumstances a reasonable one and proper for the plaintiff itself to make. The plaintiff thereafter paid the amount of the settlement to Mary Burghardt under protest, reserving its rights against the defendant under the insurance contract.

The defendant in a special defense has alleged, in effect, that (1) the plaintiff violated the co-operation clause of the policy[1] in that it, as a municipality, waived the defense of the inadequacy of the notice by permitting the enactment of the validating act and (2) the enactment of the special act was invalid because it was an unconstitutional impairment of the defendant's insurance contract. It should be noted that the defendant makes no claim that either the plaintiff's settlement of the case or its resulting payment to Mary Burghardt constituted, singly or in combination, a violation of the co-operation clause.

The finding discloses that the plaintiff resisted the enactment of the validating act through its corporation counsel, who appeared in opposition to the bill

[1] "Assistance and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense . . . ."

before the legislative committee to which it had been referred, and that the senator representing the district within which the plaintiff is located requested the governor to veto the bill.

The plaintiff's obligation with regard to highways is a statutory duty, imposed upon it, in invitum, by the state. *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 A. 143. The statute authorizing actions against towns for injuries from defective highways is, inter alia, in the nature of a penalty for a failure to carry out that statutory duty. Id., 693. This plaintiff had no power to change the duty nor to avoid the penalty fixed by the state for any failure to perform it. Nor does *State* v. *Aetna Casualty & Surety Co.,* 138 Conn. 363, 365, 84 A.2d 683, in any way support the defendant's claim. In that case the liability was the state's own, since the injury occurred on a highway which the state had obligated itself to maintain. After the injury, under facts very similar to those in this case, the state, through its own General Assembly, enacted a special statute purporting to validate the failure to give written notice of the injury within the time provided by the general statutes. The giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any subdivision thereof. *Hoyle* v. *Putnam,* 46 Conn. 56, 61; *State* v. *Aetna Casualty & Surety Co.,* supra, 367. And the cause of action itself is a pure creature of statute, wholly unauthorized by the common law. *Bartram* v. *Sharon,* supra, 693; *Agriesto* v. *Fairfield,* 130 Conn. 410, 416, 35 A.2d 15; *Aerotec Corporation* v. *Greenwich,* 138 Conn. 116, 119, 82 A.2d 356. Obviously, it would be a breach of the co-operation clause for the state, through its own legislative body, to enact a validating act without which neither the state nor its in-

surer would be under any liability at all. That was the holding in the *Aetna* case, supra, 368. Here no municipal enactment of this plaintiff was involved. It was the state, not the plaintiff, which brought about the enactment of the validating act. That the plaintiff's attempts to prevent the enactment of the statute proved ineffective to stay the legislative will cannot transmute its opposition to the bill into support for, or even acquiescence in, its enactment. There was no violation on the part of this plaintiff of the co-operation clause.

The second claim of the defendant is that its contract was impaired, in violation of the state and federal constitutions, by the enactment of this legislation. One of the purposes of the requirement of the written statutory notice is to permit a proper investigation to be made of the circumstances surrounding the claim. *Marino* v. *East Haven,* 120 Conn. 577, 579, 182 A. 225. The time within which the notice may be given is sixty days except when the defect is snow or ice. In the latter case, since the defect is of a transitory nature, the statutory time limitation is, as already pointed out, but ten days. In the instant case both the plaintiff and the defendant had actual notice of the fall, and each made an investigation, within the ten-day period. Thus an important part of the purpose of the statutory requirement of written notice was fulfilled. See *LoRusso* v. *Hill,* 139 Conn. 554, 557, 95 A.2d 698.

The power of the legislature to enact legislation validating the nonfulfilment of the requirement of statutory notice in actions against political subdivisions of the state was fully discussed in *Sanger* v. *Bridgeport,* 124 Conn. 183, 186, 198 A. 746. Little, if anything, need be added to what was said there. Here the validating act did not purport to, nor did

it, directly affect the defendant's contract of insurance, or any term thereof. *Barlow* v. *Gregory,* 31 Conn. 261, 264. The most that can be claimed is that the defendant hoped, when it entered into its undertaking by issuing the policy, that the General Assembly would not exercise its power to validate any shortcomings in such a statutory notice of any injury sustained in Wethersfield. But the defendant knew that such legislative action was not unlikely and that if it occurred, the plaintiff town would not be able successfully to invalidate the action on any claim of unconstitutionality. *F. H. Whittelsey Co.* v. *Windsor Locks,* 90 Conn. 312, 316, 97 A. 316; *Sanger* v. *Bridgeport,* supra. The defendant's claim, boiled down, is that any legislative change of substantive law, effective after the date of an injury within the coverage of its policy, which made its undertaking more burdensome than it would have been had such change not taken place, must be unconstitutional.

The defendant accepted a premium for undertaking, as stated in its own words in the policy, "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person and caused by accident" of the type within the coverage of the policy. The meaning of this undertaking is clear, and obviously requires that the defendant reimburse the plaintiff for the amount paid to Mary Burghardt in settlement of her case. For the defendant to avoid such payment, it would be necessary for it to curtail its undertaking to one operative only under the substantive law as it existed on the date of the accident. There is no warrant in the pleadings or in the evidence for any such reformation of the policy. Since the plaintiff was legally obligated to pay Mary Burghardt, the defendant in-

surer was equally obligated, under the plain terms of the policy.

Actually there are few absolutes in law, and especially in constitutional law. Contracts are subject to the exercise of legislative power by the states, and the fact that they indirectly become unexpectedly burdensome as a result of such exercise of power is far from conclusive that the legislation constitutes an attempt to impair, or actually does impair, the obligation of a contract, within the proscription of the state or the federal constitution. *Mechanics' & Working-Men's Mutual Savings Bank & Building Assn.* v. *Allen,* 28 Conn. 97, 102; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U.S. 398, 444, 54 S. Ct. 231, 78 L. Ed. 413. Since both the plaintiff and the defendant had knowledge of Mary Burghardt's injuries, and investigated the cause of them, within ten days after her fall, the General Assembly could well have considered the special act a reasonable exercise of legislative power.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in the stipulated amount of the settlement payment, with interest.

In this opinion DALY, C. J., BALDWIN and MELLITZ, Js., concurred; MURPHY, J., dissented.