ELLEN HILLIER *v.* CITY OF EAST HARTFORD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 7—decision released August 13, 1974

*James A. Kane, Jr.*, assistant corporation counsel, for the appellant (defendant).

*D. Michael Hurley*, with whom, on the brief, were *Leon RisCassi* and *William R. Davis*, for the appellee (plaintiff).

MacDonald, J.   This appeal arises out of an action brought against the town of East Hartford under § 13a-149 of the General Statutes to recover damages for injuries sustained by the plaintiff, Ellen Hillier, as a result of her fall on an icy sidewalk.  From a judgment for the plaintiff, rendered after a jury verdict in her favor, the defendant has appealed on the limited ground that the trial court erred in refusing to hold unconstitutional a special act of the legislature validating the plaintiff's notice

of the accident which was not received by the defendant until more than one year after the plaintiff's fall occurred.

The facts, which are not in dispute, disclose that the plaintiff, while walking on a public sidewalk in East Hartford on March 3, 1969, suffered personal injuries from a fall alleged to have been caused by a defective condition consisting of a sidewalk covered with ice and snow, a condition which, it was claimed, had existed for an unreasonable length of time. Although the complaint alleged that notice of the fall was given to the defendant, pursuant to § 13a-149, by a written notice dated March 3, 1969, a copy of which was attached to the complaint, it is uncontroverted that such notice was not actually received by the defendant until March 20, 1970.

Section 13a-149 of the General Statutes gives the right to any person injured by means of a defective road to recover damages from the party bound to keep it in repair, but expressly provides, in relevant part, that "no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence shall, . . . if such defect consists of snow or ice or both, within thirty days thereafter, be given to a selectman or the clerk of such town, or to the clerk of such city or borough . . . unless the action is commenced by complaint setting forth the injury and a general description of the same . . . within the time limited for the giving of such notice . . . ." The complaint in this case was dated February 9, 1970, almost a year after the plaintiff's fall.

During the January, 1971, Special Session of the General Assembly, there was enacted into law Special Act No. 169 (Senate Bill No. 384) designated "An act concerning validation of notice given by Ellen Hillier and granting her permission to institute and prosecute to final effect a suit against the town of East Hartford," the full text of which bill appears in the footnote.[1] The trial court, over the objection of the defendant, admitted a copy of the special act into evidence, denied the defendant's motion for a directed verdict and denied its motion to set aside the verdict as against the law, overruling, in each case, the defendant's claim that Special Act No. 169 is unconstitutional as violative of article first, § 1, and article second of the constitution of the state of Connecticut and of § 1 of the fourteenth amendment to the United States constitution. In each instance the defendant duly excepted to the court's ruling and the sole issue raised by the three assignments of error not expressly abandoned by the defendant is whether the judgment rendered for the plaintiff should be reversed because the trial

---

[1] "Be it enacted by the Senate and House of Representatives in General Assembly convened:

The notice given the town of East Hartford on March 20, 1970, concerning injuries received by Ellen Hillier on or about March 3, 1969, otherwise valid except that said notice was not filed within the time limited by section 13a-149 of the general statutes is validated. Said notice shall have the same power and effect as though the provisions of said section 13a-149 had been complied with and said town shall be barred from setting up the failure to comply with said section 13a-149 as a defense to said action and shall also be barred from denying that proper and sufficient notice of said injuries had been given to said town. Said Ellen Hillier may maintain and prosecute to final effect an action now pending in the supreme [sic] court for Hartford county for said injuries.

Statement of Purpose: Mrs. Hillier was not aware of the thirty-day notice requirement, nor did she consult an attorney within the notice period."

court refused to rule Special Act No. 169 of the January, 1971, Special Session of the General Assembly unconstitutional.

"The liability, if any, of the defendant for the injuries sustained by the . . . [plaintiff] is purely statutory. It rests upon the statute which imposes liability for an injury upon a highway upon the party bound to keep the highway in repair. . . . *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454; *Hornyak* v. *Fairfield,* 135 Conn. 619, 621, 67 A.2d 562; *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 A. 143." *Burke* v. *West Hartford,* 147 Conn. 149, 151, 157 A.2d 757. No right of action for such injuries exists at common law; *Tuckel* v. *Argraves,* 148 Conn. 355, 357, 170 A.2d 895; and no cause of action arises against the defendant in a case such as this until the statute creating it has been complied with. The plaintiff, in her brief, seeks to distinguish "between a special act which creates a right of action for one person only, and an act which merely restores, or revives a remedy already possessed by the plaintiff," claiming that "[h]ere the special act merely perfects the remedy, *already available to the plaintiff,* by extending the period for giving notice to the defendant municipality." (Emphasis added.) As a basis for this claim, reference is made to *Tough* v. *Ives,* 162 Conn. 274, 294 A.2d 67, more particularly to a statement (p. 294) where this court, distinguishing several cases cited in support of the validity of a special act, states: "Each of these cases involves a situation where at most the remedy, rather than the grounds of the action, was affected; where no right of the opposing party was affected; or where the state recognized an honorary obligation so that sub-

stantial justice could be realized. In the case at bar, the special act attempted to create a right, rather than a remedy, which is unrelated to any honorary obligation."

It appears to us that the foregoing language from *Tough* v. *Ives,* supra, tends to strengthen the position of the defendant on each of the three grounds for distinction mentioned therein. First, as to whether "the remedy, rather than the grounds of the action, was affected," it seems clear that the special act involved here was creative rather than curative. But even if viewed as a curative act, "[c]urative acts cannot cure a want of authority to act at all." *Montgomery* v. *Branford,* 107 Conn. 697, 705, 142 A. 574. In *State* v. *Aetna Casualty & Surety Co.,* 138 Conn. 363, 84 A.2d 683, this court said, at page 367: "Accordingly, as our repeated decisions have determined, allegations and proof of the sixty days' notice required by the statute were a vital part of . . . [the plaintiff's] case. They go to the very existence of the action, which in the absence of compliance with the requirements of the statute does not exist at all. *"Until such notice is given no right of action exists.".* . .' " (Emphasis added.)

Similar language, tending to indicate that the very existence of the right in the first instance depends upon the giving of the required statutory notice, has been employed recently by our federal courts in interpreting the statute under consideration. "Giving of timely notice as prescribed by the said statute [§ 13a-149] is a condition precedent to the *existence* of a cause of action against the municipality; and the absence of such notice bars recovery

against the municipality as a matter of law." (Emphasis added.) *Murray* v. *City of Milford,* 256 F. Sup. 350 (D. Conn.), aff'd, 380 F.2d 468 (2d Cir.).[2]

The conclusion that the existence of a statutory right is conditioned upon compliance with the terms of the statute creating it is entirely consistent with the views we have expressed with relation to other types of rights created by statute. "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation of condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 528–29, 97 A. 765. We recently quoted the foregoing language with approval in *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 325 A.2d 259, adding further (pp. 546–47): "Generally, 'limitations on actions . . . are considered procedural or personal and thus subject to waiver. . . . This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available. . . . Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed period and not thereafter.' " Although, as argued by the plaintiff, the *Diamond National* case involved the time limits on the valid-

---

[2] It is interesting to note that in the *Murray* case, the United States District Court for the District of Connecticut and the Circuit Court of Appeals for the Second Circuit were confronted with the unfortunate situation of an icy highway condition, where the plaintiff, a minor, was so badly injured that she claimed to have been unable to communicate the necessary information for the statutory notice to her mother until after lapse of the thirty-day limitation of time for giving notice.

ity of a mechanic's lien under § 49-39 of the General Statutes rather than a validating act, the language is equally applicable to a situation where, as here, the remedy comes into existence only when the condition precedent imposed by the statute creating it has been complied with.

To return to the three grounds for supporting the validity of special acts, which grounds were mentioned in *Tough* v. *Ives*, 162 Conn. 274, 294, 294 A.2d 67 and which do not appear to exist here, we consider briefly the second, "where no right of the opposing party was affected." Here the right of the defendant municipality to investigate the plaintiff's claim and to prepare its defense obviously was hopelessly prejudiced by the passage of over a year after a snow and ice fall. Both this and the third ground for supporting the validity of a special act mentioned in *Tough*, namely "where the state recognized an honorary obligation so that substantial justice could be realized" are well illustrated by reference to the case most heavily relied upon by the plaintiff, namely, *Sanger* v. *Bridgeport*, 124 Conn. 183, 198 A. 746, where this court, upon facts somewhat similar to those now before us, upheld the constitutionality of a special act validating a defective notice to the defendant municipality of an injury caused by a defective sidewalk. The defendant has gone to some lengths to distinguish *Sanger* on the ground that it was "based on the belief that a municipality could not challenge what the Legislature did by legislation," urging that it therefore has been overruled by the later decision of this court in *Ducharme* v. *Putnam*, 161 Conn. 135, 285 A.2d 318, which held that a city, although a subdivision of the state, has sufficient interest and standing to raise a constitutional issue where the city was properly in

court on non-constitutional questions. As a matter of fact the defendant, after claiming that *Sanger* has been overruled, urges that "if it hasn't, . . . it should be."

Upon the facts presented, however, *Sanger* can be distinguished without being considered overruled. There the plaintiff's notice was prepared by an assistant to the city clerk of Bridgeport, upon whom the plaintiff relied, and, although filed within the required time, was deficient in respect to the description of injuries and the exact place of occurrence. The city did receive some notice from the plaintiff of the claim, even though it may not have been entirely correct. In upholding the constitutionality of the special act which validated the defects in the notice the court repeatedly mentions the equitable basis for correcting an innocent error, stating (p. 186): "When the object is to correct an innocent mistake and remedy a resulting impediment to the enforcement of an obligation of one party to another, if the effect is to promote justice the law should be sustained unless it conflicts with vested rights" and again stating (p. 189): "It remains to be considered whether the act violates the constitutional guaranty, under the Fourteenth Amendment, of equal protection of the laws. The State may grant privileges to specified individuals without violating any constitutional principle in cases where sufficient reason exists. . . . Before a court can interfere it must be able to say that there is no fair reason for the law which would not require with equal force its extension to others whom it leaves untouched. . . . In the present case the plaintiff's reply alleges a situation which would afford strong equitable grounds for legislative interference . . . and it is safe and fair to presume that

these grounds were considered by the General Assembly and motivated the passage of the special act. Municipalities may be compelled not only to recognize their legal obligations but also to discharge those of an equitable and moral nature."

Obviously, the "equitable and moral" grounds existing in *Sanger,* where a timely notice was partially defective by reason of its preparation by a city employee upon whom the plaintiff relied, are not present in the instant case. The legislative records are devoid of any discussion of the special act, introduced as Senate Bill No. 384 into the senate "by request," other than the appended "Statement of Purpose" to the effect that "Mrs. Hillier was not aware of the thirty-day notice requirement, nor did she consult an attorney within the notice period."

Section 13a-149 of the General Statutes expressly gave to the defendant a defense against claims of the type made by the plaintiff. "The defendant's right of defense, which affected its substantial interests, became fixed in present enjoyment and available to the defendant under the statute in effect at the time of the injury . . . . It was a property right which vested in the defendant and for whose protection against legislative invasion in the form of a validating act or otherwise it could rely on Article First of our State Constitution and upon the Fourteenth Amendment of the Federal Constitution." *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 141, 151 A. 518. The special act involved here denies both the defendant and others similarly situated with the plaintiff the equal protection of the laws in the absence of any of the compelling equitable considerations which were present in *Sanger* v. *Bridgeport,* 124 Conn. 183, 198 A. 746.

In addition, the passage of a validating act in the absence of such equitable justification, as in this instance, constitutes the creation of a right not already extant which grants to this plaintiff a privilege exclusive of that of the community. This clearly violates the mandate of article first, § 1, of the constitution of Connecticut providing that: "All men when they form a social compact, are equal in rights; and no man or set of men are entitled to exclusive public emoluments or privileges from the community." Over 150 years ago, shortly after the adoption of the foregoing language into our constitution in 1818, this court stated that the direct infraction of vested rights by the legislature would be considered "as a violation of the social compact, and within the control of the judiciary." *Goshen* v. *Stonington,* 4 Conn. 209, 225. We hold Special Act No. 169 to be unconstitutional for the reasons given.

Our opinion in *Sanger,* supra, although it has been read to indicate a general constitutional imprimatur for validating acts of this general type is not inconsistent with the result we reach today. Rather, we have limited *Sanger* to the compelling equitable circumstances discussed therein.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.