[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Facts
The plaintiffs, Geraldine Tessitore and her husband Peter Tessitore, brought this action against the defendants, City of Milford and Edward Austin. Here, the defendants move to strike the first two counts of the complaint which allege the creation of a public nuisance against the City of Milford.
The following facts are alleged in the plaintiffs' eight CT Page 1112 count revised complaint, filed on November 16, 1989. On October 13, 1987, the plaintiff, Geraldine Tessitore, fell on an abrupt rise in the sidewalk of a pedestrian ramp at the West Shore Recreational Center, a public facility owned and operated by the City of Milford. The second count is a loss of consortium claim on behalf of plaintiff Peter Tessitore. Defendant Edward Austin is being sued in his capacity as Director of Recreation of the City of Milford. Austin is not named in the first two counts.
The defendants filed a motion to strike the first two counts of the revised complaint on March 1, 1990, with a memorandum in support. The plaintiffs filed a brief in opposition on March 23, 1990. The defendants filed a supplemental memorandum in support on May 21, 1990. In their motion to strike the defendants' argue that the first two counts of the revised complaint, which sound in nuisance, should be stricken because Connecticut General Statutes section 52-557n(a)(1)(C) mandates that the exclusive remedy for injuries resultant from a defective roadway to be an action pursuant to section 13a-149. Counts seven and eight of the revised complaint rely on that section. Discussion
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or any part thereof." Conn. Practice Bk. section 152. "In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
The defendants argue, in their motion to strike and in their memorandum of support, that the exclusive remedy for an injury due to a defective road is Conn. Gen. Stat. section13a-149. The defendants argue that the plaintiffs cannot bring an action in public nuisance based upon these facts. The plaintiffs argue, in their memorandum in opposition, that the statute, Conn. Gen. Stat. section 52-577n(a)(1)(C), violates the Connecticut Constitution because it takes away the common law cause of action of public nuisance without providing a reasonable alternative.
The Connecticut General Statutes at issue provide:
 Sec. 52-557n. Liability of political subdivision and its employees, officers and agents. (a)(1) Except as otherwise provided by law, a political CT Page 1113 subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
 Sec. 13a-149. Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such CT Page 1114 town, city, corporation or borough was not in fact misled thereby.
Article 1, section 10 of the Connecticut Constitution provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."
"Municipalities do, in certain circumstances, have a governmental immunity from liability." Murphy v. Ives,151 Conn. 259, 264 (1963). A cause of action against a municipality for a defect in a highway "is a pure creation of statute, wholly unauthorized by the common law." Wethersfield v. National Fire Insurance Co., 145 Conn. 368,371 (1958). "[G]overnmental immunity would attach if it were not for the liability for a defect in a highway created by the statute." Parker v. Hartford, 122 Conn. 550, 504 (1937).
Accordingly, the plaintiffs do not have a common law cause of action against the defendants. The cause of action against the municipality is a creature of the statute, C.G.S. section 13a-149. The plaintiffs' argument that section52-557n(a)(1)(C) is unconstitutional because it deprives the plaintiffs of a common law cause of action must fail. The statute does not eliminate an already existing cause of action, but instead gives the plaintiff a right of redress by lowering the shield of governmental immunity. Thus, Conn. Gen. Stat. sections 52-557n and 13a-149 are constitutional. Additionally, this court agrees with recent Superior Court decisions which have held that C.G.S. section 52-557n(a) prohibits a cause of action based on nuisance in a highway defect case. Francois v. Norwalk, 16 Conn. L. Trib. 18 p. 31 (April 16, 1990, Lewis, J.); Kizzia v. Town of Litchfield, 16 Conn. Law Trib. 13 p. 34 (February 23, 1990, Pickett, J.); Backer v. City of New Haven, 15 Conn. Law Trib. 45 p. 26 (October 11, 1989, Hadden, J.). Thus, the plaintiffs' argument against the defendants' motion to strike count one must fail.
It follows, then, that count two of the revised complaint should also be stricken since it alleges a loss of consortium and is derivative of the first count.
Therefore, based on the foregoing, the defendants' motion to strike counts one and two of the revised complaint is granted.
So ordered.
CT Page 1115 HARTMERE, J.