[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action in which plaintiff sues the state for damages for breach of contract, the defendant Commissioner of Transportation moves to dismiss on the ground of sovereign immunity. The case raises a matter of first impression as to an interpretation of Section 4-61a, C. G. S.
The complaint and exhibits attached to the motion reveal the following. On or about December 30, 1985 plaintiff and defendant entered into a contract for plaintiff to provide support services to minority and women business enterprises doing work on state highways. The services included plaintiff helping minorities and women to get certified and recertified for state construction contracts, and plaintiff making on-site visits to monitor these contractors' work performance and billing practices.
Plaintiff performed under the contact and from time to time billed the state a total of $153,184, of which it was paid $95,013, leaving an unpaid balance of $58,171. After a state audit, plaintiff was suspended from continuing services on March 6, 1987, and the contract was terminated on September 25, 1987. Plaintiff wrote defendant on June 3, 1987 protesting the state action and giving notice of an intention to sue for breach of contract.
The state never issued a certificate of acceptance of plaintiff's work. Plaintiff brought this action on April 19, 1991, claiming the unpaid balance due on the contact of $58,171.
The relevant statute is 4-61a, C. G. S., which provides
 "Any person, firm or corporation which has entered into a contract with the state . . . for the design, construction, construction management, repair or alteration of any highway, . . . or other public works of the state, may, in the event of any disputed claim under such contract, bring an action against the state. . . provided notice of the general notice of such claim shall have been given in writing to the department administering the contract not later than two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to contractor. No action shall be brought under this CT Page 8730 subsection later than three years from the such acceptance of the work by the agency head as so evidenced." (Underlining added).
Defendant seeks to dismiss this action on the basis of the doctrine of sovereign immunity, claiming 4-61a does not apply because the contract between plaintiff and defendant is not for "construction management" services within the meaning of the statute and further claiming, since plaintiff was terminated on September 25, 1987 and this action was brought on April 19, 1991, three and a half years later, it is barred by the statute of limitations of the statute. Plaintiff asserts the contract is for construction management services, as alleged in the complaint, and that since no certificate of acceptance was ever issued by the defendant, the statute of limitations has never begun to run.
The defense of sovereign immunity may be the basis of a motion to dismiss an action against the state. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). In deciding the motion the complaint is construed most favorably to the plaintiff, but the court also has the right to look at the underlying contract. American Laundry Machinery v. State, 190 Conn. 212,217 (1983).
The doctrine of sovereign immunity is well established in law, with the result that an action cannot be brought against the state "unless the state, by appropriate legislation, consents to be sued. . . . When the state waives that immunity by statute, however, a party attempting to sue under the legislative exception must come clearly within its provisions, because `[s]tatutes in derogation of sovereignty must be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.'" Berger Lehman Associates, Inc. v. State, 178 Conn. 352, 356
(1979).
The pertinent statute, 4-61a allows a contractor to sue the state for the "design, construction, construction management, repair or alteration" of any highway or state building. The issue here is whether the contract between plaintiff and defendant provides for such services.
Section 4-61a has been very narrowly interpreted. In Berger, Lehman Associates, Inc. v. State, supra, the Supreme Court held that a contract calling for engineering services to develop and analyze alternate plans for the relocation of Route 6 and for the improvement of Route 9, to coordinate and solicit views of interested groups, to submit recommendations and feasibility studies, and to assist in CT Page 8731 evaluation of public hearings did not constitute "design" services under 4-61a so as to permit the plaintiff contractor to sue the state.
In American Laundry Machinery, Inc. v. State, 190 Conn. 212
(1983) a contract to sell and install laundry equipment in a state building, including connecting electrical and plumbing lines, doing duct work, and making repairs to the electrical and ventilating systems did not constitute "repair or alteration" of the state building under 4-61a so as to permit the contractor to sue the state.
In this case the contract between plaintiff and defendant was essentially for plaintiff to assist minority and women contractors to qualify and keep qualified for state construction contracts, including helping them to apply for such contracts, to comply with complicated regulations, properly to bill and to validate the performance of their services. The plaintiff also contracted to make on-site visits to monitor the work performed by these contractors, all for the purpose of assuring they meet state requirements. The contract does not call for plaintiff to supervise actual construction, to manage the building process, or to perform on state projects any construction or management duties. As a consequence this court concludes the contract does not provide for "construction management" services, within the meaning of 4-61a. (see K. M. Cushman, Construction Litigation (1981) pp. 329-335.
The pertinent statute, 4-61, also states that a person who has entered into a contract with the state for designated services may sue the state "provided notice of the general nature of the claim shall have been given in writing to the department administering the contract not later than two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor. No action shall be brought under the subsection later than three years from the date of such acceptance of the work by the agency head as so evidenced." (Underlining added)
The uncontroverted fact is the work of the plaintiff under the contact was never accepted by the state. Plaintiff contends that because of that fact the three year limitation period within which to bring suit never commenced. Defendant contends this makes no sense. Rather, the events triggering the running of the limitation period is the date the contract was terminated, September 25, 1987, and since plaintiff initiated the action in May 1991, the three-year period has expired.
Both parties recognize that the right to sue the state CT Page 8732 is conditioned upon strict compliance with 4-61a and "the remedy comes into existence only when the condition precedent imposed by the statute creating it has been complied with." Hillier v. East Hartford, 167 Conn. 100, 107 (1974). An important rule of statutory instruction is: "There is a presumption of purpose behind every sentence, claim or phrase in a legislative enactment so that in construing it no part is treated as insignificant and unnecessary." Conn. Light Power Co. v. Costle, 179 Conn. 415, 422 (1980); Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 407 (1987).
Section 4-61a specifically states that a person can sue the state "provided" notice is given and the action is brought within two and three years respectively, of "acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor." The requirement of a certificate of acceptance was added to the statute in 1971. (See Comments of Senator Strata on S.B. 759, P.A. 112 at Senate Proceedings, Vol. 14, Para 3, pp. 1046-7 (1971)). This court interprets these words to mean that acceptance of the work is a condition precedent to the right to sue. That statute, read as a whole, means by its plain language that the legislature has not permitted actions against the state on all public works contracts but only on those contracts when the work performed has been accepted by the agency head.
Clearly, the legislature has the power to lift the bar of sovereign immunity as high as it pleases. Here it has indicated it is not allowing suits over the quality of the work performed by contractors, but only on contracts when the work has been performed satisfactorily and been accepted.
Since in this case no certificate of acceptance was issued to plaintiff, it has failed to meet the condition precedent of 4-61a and so cannot sue the state.
On both of the grounds stated above, the motion to dismiss is granted.
ROBERT SATTER STATE TRIAL REFEREE.