[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 11, 2000, the plaintiff's Holly Laden, a minor at the time of injury, and her father, Patrick Laden, filed a complaint against several defendants, including the town of North Haven (North Haven), for injuries she sustained while driving a moped on Quinnipiac Avenue in North Haven on July 11, 1998, allegedly caused by the defendant's negligence under General Statutes § 52-557n. The defendant filed a motion to dismiss counts five, fourteen, twenty-three and twenty-four of the second amended complaint filed January 16, 2001 (complaint), for lack of subject matter jurisdiction arguing that the state of Connecticut, not North Haven, is responsible for keeping Quinnipiac Avenue in repair under the "defective highway statute," pursuant to General Statutes § 13a-149.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . . "(Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995).
"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . the objection of want of jurisdiction may be made at any time. . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the [case] must be dismissed." (Citations omitted; internal quotation marks omitted.) Williams v.Commissioner on Human Rights Opportunities, 257 Conn. 258,264 n. 4, ___ A.2d ___ (2001).
Count five of the amended complaint alleges that agents of North Haven negligently repaired the sewage system in the area of Quinnipiac Avenue CT Page 17109 where the plaintiff sustained injury. The plaintiff's allege that the agents of North Haven created a dangerous condition in the road, namely, a pothole. The plaintiff's argue that North Haven is responsible for its employees' negligence under General Statutes § 52-557n which states, in relevant part, "a political subdivision of the state shall be liable for damages to person or property caused by . . . (t)he negligent acts of such political subdivision or any employee, officer or agent thereof acting within in the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property of a defective road or bridge pursuant to Section 13a-149." General Statutes § 52-557n.
The defendant argues that although agents of North Haven may have repaired the roadway, the pothole which allegedly caused the plaintiff's injuries falls under General Statutes § 13a-149 sometimes referred to as the "defective highway statute." Ferreira v. Pringle, 255 Conn. 330,331, 766 A.2d 400 (2001). "[General Statutes §] 52-557n [provides] that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision "for damages resulting from injury to any person or property by means of a defective road or bridge'." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991)' quoting General Statutes § 13a-149.
The defendant asserts that any claim made as a result of a defective highway condition is required to be brought pursuant to General Statutes § 13a-149. Wenc v. New London, 235 Conn. 408, 412, 667 A.2d 61
(1995). The defendant argues that a pothole in the middle of a state highway falls within the definition of a defective highway condition under General Statutes § 13a-149. A defective highway condition is defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, supra, 219 Conn. 202.
The plaintiff's argue that although the pothole was in the highway, it does not fall under § 13a-149 because agents of North Haven went onto Quinnipiac Avenue and negligently repaired its own sewer manholes which directly caused the plaintiff's injuries. The plaintiff's assert that this type of claim falls within the ambit of General Statutes § 52-557n
and it would be improper to bring the claim under § 13a-149.
To bring a proper claim under § 13a-149, the plaintiff's must establish that (1) the area where the incident in question occurred "was on a road or bridge," or (2) the defendant is the "party bound to keep CT Page 17110 the area in repair." Novicki v. New Haven, 47 Conn. App. 724, 737-38,709 A.2d 2 (1998). In the present case, the incident occurred on Quinnipiac Avenue in North Haven which has been designated a state highway as evidenced by Richard Brannigan's affidavit dated August 29, 2000. (Defendant's Exhibit A.) Richard Brannigan has been the director of the department of public works for North Haven since August 16, 1993. In his affidavit, he avers that Quinnipiac Avenue is a state highway and is repaired by the state of Connecticut department of transportation. (Exhibit A, ¶ 4.) Quinnipiac Avenue has been deemed a state highway, thus, North Haven is not the party bound to keep Quinnipiac Avenue in repair. Therefore, it is improper to bring a claim against North Haven because the maintenance of Qumnnipiac Avenue is the responsibility of the state of Connecticut.
The state of Connecticut is "immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . The state legislatures, however, possess the authority to abrogate governmental immunity by statute that the common law gives to the state and municipalities . . . This is what our legislature did in the area of highway liability statutes." Frye v.Toyota Motor Credit Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345615 (April 6, 1998, Melville, J.). "`The liability, if any, of the defendant for the injuries sustained by the . . . [plaintiff] is purely statutory.'" Hillier v. East Hartford,167 Conn. 100, 104, 355 A.2d 1 (1974), quoting Whethersfield v. NationalFire Insurance Co., 145 Conn. 368, 371, 143 A.2d 454 (1958). No such right existed at common law. Hillier v. East Hartford, supra, 104. Because the Connecticut legislature has abrogated governmental immunity in defective highway cases, it would have been proper, in the present case, for the plaintiff's to commence an action against the state.
Count five of the amended complaint is dismissed because the court lacks subject matter jurisdiction. The plaintiff's should have commenced an action against the state of Connecticut under the "defective highway statute" pursuant to General Statutes § 13a-149 because Quinnipiac Avenue is a state highway and the state is the party responsible to repair the roadway.
Count twenty-three of the amended complaint alleges that the failure of North Haven to maintain Quinnipiac Avenue in a reasonably safe condition constituted a breach of General Statutes § 13a-149.
The plaintiff's have exercised their right to plead in the alternative, by bringing a claim against North Haven under § 13a-149
for injuries sustained as a result of a highway defect. They assert that the manhole covers were maintained by North Haven. The plaintiff's argue CT Page 17111 that there is a question of material fact as to whether North Haven is the party bound to keep the area of the road which surrounds the manhole covers under repair and this issue would be more properly addressed in a motion for summary judgment.
The defendant asserts that the plaintiff's lack subject matter jurisdiction under General Statutes § 13a-149 because the defendant is not the party bound to keep Quinnipiac Avenue in repair and the plaintiffs' notice to North Haven is deficient based on General Statutes § 13a-149.
General Statutes § 13a-149 imposes a notice requirement in order for a claim to be viable. The notice requirement in § 13a-149
provides, in relevant part that, "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . written notice of such injury [must be given] and a general description of the same, and of the cause there of and of the time and place of its occurence . . . within ninety days thereafter . . ., to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation." General Statutes § 13a-149.
The defendant argues that because North Haven did not have a duty to maintain Quinnipiac Avenue, the letter of notice sent by the defendant to North Haven is patently deficient because it fails to inform North Haven of a defect in a location which the town was responsible to repair.
The notice is patently deficient because the purpose of a notice requirement "`is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests and such information as would furnish him a reasonable guide in the conduct ofsuch inquiries, and in obtaining such information as he might deem helpful for his protection.'" (Emphasis in original.) Martin v.Plainville, 240 Conn. 105, 112-13, 689 A.2d 1125 (1997), quoting Lussierv. Dept. of Transportation, 228 Conn. 343, 354, 636 A.2d 808 (1994). Although the plaintiffs' notice was timely and properly detailed, it failed to properly notify the state of Connecticut, the party against whom a claim should have been made. Notifying North Haven was improper because as previously demonstrated, North Haven is not the party responsible for keeping Quinnipiac Avenue in repair.
Count twenty-three of the amended complaint is dismissed for lack of subject matter jurisdiction because North Haven was not the party responsible for keeping Quinnipiac Avenue in repair. CT Page 17112
Counts fourteen and twenty-four of the amended complaint state that Patrick Laden should be compensated by North Haven for the medical expenses billed to him because the injured plaintiff was a minor at the time of the accident. As noted above, North Haven is not the party responsible for maintaining the area of Quinnipiac Avenue where the plaintiff was injured and this action should have been brought pursuant to the "defective highway statute," General Statutes § 13a-149.
North Haven argues that § 13a-149 does not permit Patrick Laden to recover for the medical expenses incurred by the plaintiff because it constitutes an impermissible derivative action. The defendant relies onSanzone v. Board of Police Commissioners, supra, 219 Conn. 199, which held that derivative consortium claims are not permitted under §13a-149.
The plaintiff's argue that Patrick Laden's claim is not based on a loss of consortium, rather, because the plaintiff was a minor at the time of her injury, a portion of her medical expenses were billed to Patrick Laden as her parent and guardian and he should be compensated for those expenses. The plaintiff's also argue that the defendant's interpretation of § 13a-149 is too narrow and not consistent with the intent of § 13a-149, a statute by which the legislature expressly waived sovereign immunity in order to permit the right to recovery. Ferreira v.Pringle, supra, 255 Conn. 341.
The Connecticut court has long recognized that "[w]hen a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as loss of services and expenses, caused by injury to the child." Dzenutis v.Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986). Additionally, General Statutes § 52-204 provides that, "[i]n any civil action arising out of a personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant." In the present case, however, because the original claim is barred for failing to bring a claim against the proper defendant, the parent's claim also must fail.
Accordingly, in the present case, because Holly Laden's primary claim against North Haven is barred for failing to sue the proper defendant, Patrick Laden's claim against North Haven for reimbursement of medical CT Page 17113 expenses caused by his daughter's injuries is also prohibited. Counts fourteen and twenty-four of the amended complaint are dismissed for lack of subject matter jurisdiction.
 Howard F. Zoarski, Judge Trial Referee