## FLORENCE E. YOUNG v. CITY OF STAMFORD

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 70924

Memorandum filed May 18, 1948.

*Jeroll Silverberg*, of New Canaan, for the Plaintiff.

*Charles N. Wexler*, of Stamford, for the Defendant.

KING, J. This is a complaint in two counts claiming damages for a fall on a sidewalk in the defendant city claimed to have occurred because of failure to remove an accumulation of snow and ice in the forenoon of December 29, 1946. The first count is under the statute for a defective highway, and the second is in nuisance.

In paragraph 7 of the first count as amended an oral notice is alleged to have been given to two police officers of the defendant, and in paragraph 8 it is alleged that within ten days the plaintiff informed defendant's mayor of the accident and was told by him to present a claim for damages upon her recovery, and that in reliance thereon she failed to file her claim.

A written claim in conformity with the statute (General Statutes § 1420) is a condition precedent to the institution of an action for injuries from a defective highway under the statute. *Hoyle* v. *Putnam*, 46 Conn. 56, 61; *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401. Knowledge by an officer of the defendant of the facts required to be set forth in such a written notice does not obviate the requirement. Ibid. Nor has any officer of the defendant, at least in the absence of special authority

from it (which is nowhere alleged in the complaint), any power to waive the terms of the statute. *Lambert* v. *New Haven,* 129 Conn. 647, 649. There are no allegations in the complaint indicating that it was impossible, for lack of knowledge of the injury within the time limit or otherwise, for the plaintiff to comply with the statute, so that that question is not involved. *Mik* v. *Meriden,* (1927) 106 Conn. 393, 396.

The demurrer to the first count of the complaint is sustained on all grounds.

The second count sets up a cause of action in nuisance because the defendant allowed and permitted snow and ice to accumulate on the sidewalk. There is no allegation that the defendant deposited it there or did any act to cause the accumulation. A defect in a highway which arises solely because of inactivity on the part of a municipality in remedying conditions arising from natural causes cannot be an actionable nuisance, and damages resulting therefrom can be recovered only under the defective highway statute. *Bacon* v. *Rocky Hill,* 126 Conn. 402, 406; *Jacen* v. *East Hartford,* 133 Conn. 243, 245. In an ordinary highway action such as the complaint shows this to be, the defense of governmental immunity is so obviously involved that it does not have to be affirmatively pleaded, either under the first count or under this count. *O'Donnell* v. *Groton,* 108 Conn. 622, 625; *Brock-Hall Dairy Co.* v. *New Haven,* 122 Conn. 321, 325. This is in part because it is a defense which cannot be waived, at least in the absence of special facts not here appearing. *Lambert* v. *New Haven,* supra, 649; *Adams* v. *New Haven,* 131 Conn. 552, 556.

The demurrer to the second count of the complaint is sustained on all grounds.