## Hazel Hunt *v.* The Housing Authority of the City of New Haven

Superior Court   New Haven County   File No. 85343

Memorandum filed March 13, 1958

*Fred H. White,* of New Haven, for the plaintiff.

*T. Holmes Bracken,* of New Haven, for the defendant.

Cotter, J.   Defendant demurs to claim of nuisance alleged by plaintiff, who brings suit for a fall on property of the defendant housing authority, because there is no allegation of notice as required by § 478d of the 1955 Cumulative Supplement to the General Statutes.   Whether the claim is negligence or nuisance, the statute is broad enough to include both.   In this way it differs from § 2126 of the General Statutes (as amended, Cum. Sup. 1955, § 1180d), which concerns municipalities in regard to a defective highway.

"Section 1130 [Rev. 1902] of the General Statutes, with which we are here concerned, is quite different in its character from § 2020 [Rev. 1902] relating to actions against municipal corporations by reason of defective highways.   The latter section gives a right of action where there would otherwise be none

and makes the giving of a prescribed notice a condition precedent to the existence of such a right under any and all circumstances. *Crocker* v. *Hartford,* 66 Conn. 387, 390; *Forbes* v. *Suffield,* 81 Conn. 274. On the other hand, an action may be maintained against this defendant upon the facts set up in this complaint. A written notice is not a prerequisite. Section 1130 simply places a limitation, analogous to the general statute of limitations, upon the right of an injured party to prosecute such an action without further proceedings. This limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right. Such being its essential character, a defense predicated upon it, as upon conditions subsequent and limitations generally, need not be anticipated and negatived by the plaintiff, but may properly be left to be pleaded by the defendant. Gould on Pleading (4th Ed.), Chap. IV, § 17." *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284, 287; see *Hendsey* v. *Southern New England Telephone Co.,* 128 Conn. 132, 135.

The demurrer is overruled.