HAZEL M. HARRIS *v.* HOUSING AUTHORITY OF THE CITY OF WATERBURY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 23885
AT WATERBURY

Memorandum filed October 21, 1958

*Yale Matzkin,* of Waterbury, for the plaintiff.

*Upson & Secor,* of Waterbury, for the defendant.

RYAN, J. The defendant demurs to the complaint as amended because the written notice given to the defendant and described in paragraph 11 of the amended complaint does not give a general description of the injuries sustained by the plaintiff in accordance with § 478d of the 1955 Cumulative Supplement. It is true, as pointed out by the plaintiff, that this statute is different from the statute requiring notice to a municipal corporation for a defective highway. A written notice is not a condition precedent to the bringing of the action but is a limitation creating a condition subsequent. Therefore, a defense predicated upon it need not be anticipated and negatived by the plaintiff and may properly be left to be pleaded by the defendant. *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284, 287; *Hunt* v. *Housing Authority,* 21 Conn. Sup. 65. Ordinarily, failure to allege proper notice would not be demurrable. The plaintiff, however, in her amended complaint sought to anticipate this defense by reciting a written notice given the defendant which contains no description of the injuries. In paragraph 12 the plaintiff alleges that plaintiff's attorney conferred with defendant's agent and gave him a general description of the injuries sustained by the plaintiff within sixty days of the plaintiff's fall, and that there was no intention to mislead the defendant and the defendant was not in fact misled by any inaccuracies in the notice given the defendant.

Section 478d provides: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury . . . if it appears that there was no intention to mislead or that such local housing authority was not in fact misled thereby." The notice described in paragraph 11 of the amended complaint failed to give any description whatever of the injury claimed to have been sustained. "Therefore this defect could not be remedied or its consequences avoided by proof of the allegations of the amended complaint setting up absence of intention to mislead or of actual misleading effect. Although these allegations, if made material by opportunity for the operation of the facts alleged, as in case of inaccuracy as distinguished from total lack, would present questions of fact, no such opportunity is open here, the instance being one of entire absence of an essential element of the notice, fatal to its sufficiency as a matter of law." *Marino* v. *East Haven,* 120 Conn. 577, 580; see also *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401.

The demurrer is sustained.