Carolyn M. MURRAY et al., Plaintiffs,

v.

CITY OF MILFORD et al., Defendants.

Civ. No. 11297.

United States District Court
D. Connecticut.

June 10, 1966.

Raymond T. Finnan, Finnan & Decatur, Troy, N. Y., for plaintiffs.

John C. Flanagan, New Haven, Conn., for defendant City of Milford.

TIMBERS, Chief Judge.

Defendant City of Milford having moved, pursuant to Rule 12(b) (6), Fed. R.Civ.P., to dismiss the action against said defendant on the ground that the complaint fails to state a claim against said defendant upon which relief can be granted; and

The Court having heard argument of counsel, having received and considered the motion, briefs, affidavits, exhibits, pleadings and all papers on file; and

 The Court being of the opinion that said motion to dismiss should be granted for the reasons that

(A) With respect to the alleged causes of action against defendant City of Milford based on *negligence*—

 (i) The accident occurred March 2, 1965.

 (ii) Notice of Claim with respect to said accident was not filed with the City of Milford until August 10, 1965 and was not received by the Clerk of the City of Mil-

ford until August 13, 1965, more than five months after the accident.

(iii) Such notice was not timely within either the 30 day or 60 day notice requirement of Conn.Gen.Stat. § 13a–149 (1958).

(iv) Giving of timely notice as prescribed by the said statute is a condition precedent to the existence of a cause of action against the municipality; and the absence of such notice bars recovery against the municipality as a matter of law. Town of Wethersfield v. National Fire Insurance Co., 145 Conn. 368, 371, 143 A.2d 454 (1958); Hunt v. Housing Authority, 21 Conn.Supp. 65, 66, 144 A.2d 539 (1958); Young v. City of Stamford, 15 Conn.Supp. 442 (1948).

(B) With respect to the alleged causes of action against defendant City of Milford based on *public nuisance*—

(i) The complaint alleges that defendant City of Milford permitted its co-defendants to pump water upon the highway where it froze and caused a slippery condition.

(ii) Such allegations, which do not allege that the municipality *created* the dangerous highway condition but at most allege *inactivity* on the part of the municipality in remedying conditions created by others, are insufficient as a matter of law as a basis for a public nuisance cause of action. Murphy v. Ives, 151 Conn. 259, 264, 196 A.2d 596 (1964); Monick v. Town of Greenwich, 144 Conn. 608, 611, 136 A.2d 501 (1957); De Lahunta v. City of Waterbury, 134 Conn. 630, 633–634, 59 A.2d 800,

7 A.L.R.2d 218 (1948); Bacon v. Town of Rocky Hill, 126 Conn. 402, 404–407, 11 A.2d 399 (1940); Young v. City of Stamford, 15 Conn.Supp. 442, 443 (1948).

it is therefore

ORDERED that the motion by defendant City of Milford to dismiss the action against said defendant be, and the same hereby is, granted in all respects; and it is further

ORDERED that the Clerk of this Court be, and he hereby is, directed to enter judgment dismissing the action against defendant City of Milford, together with its costs.