[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
This action for personal injuries as the result of a fire was brought against two defendants, Anna Edmonds who was the plaintiff's landlord, and, the Stamford Housing Authority. The complaint against the Housing Authority alleged said Authority was charged with the duty and obligation to conduct comprehensive initial and thereafter annual inspections of the premises for safety and suitability for occupancy under the regulations of a Section Eight (8) rent-subsidized low-income apartment, under the rules and regulations mandated by the United States Department of Housing and Urban Development.
The fire in question in the plaintiff tenant's premises was caused by the actions of the plaintiff in overloading electrical wiring in her apartment.
The jury returned a verdict in favor of the defendant Anna Edmonds, and awarded the plaintiff $300,000.00, reduced to $165,000.00, based on 45% contributory negligence on the part of the plaintiff, against the Stamford Housing Authority.
The Housing Authority has moved to set aside the verdict and for judgment in its favor notwithstanding such verdict. The principal argument of the Housing Authority is that there was no proof that the plaintiff had given notice of the time and place where the plaintiff's damages were incurred, within six (6) months after the cause of action therefor arose, as alleged in paragraph ten of the second count, directed against the Housing Authority. It is undisputed that there was no evidence in proof of the allegation in paragraph ten of the second count.
The Stamford Housing Authority was created in accordance with Chapter 128, Connecticut General Statutes, Department of Housing: Municipal Housing Projects. Under Connecticut General Statutes 8-67 of said chapter, it is provided, in essence, that any person injured in person within boundaries owned or controlled by an authority, for which such authority may be liable, may bring an action within two years to recover damages, provided written notice of the intention to commence such action and of the time and place of the injury is filed with the chairman or secretary of the authority within six months after the cause of action arose. CT Page 9675
Section 8-67, Connecticut General Statutes has been interpreted in a number of lower court decisions. In the case of Hunt v. Housing Authority of New Haven, 21 Conn. Sup. 65, it was held that the notice required under Section 8-67 was simply a limitation upon the right of an injured person to bring an action, creating a condition subsequent, which need not be anticipated and negatived by the plaintiff.
Similarly, Harris v. Housing Authority of Waterbury,21 Conn. Sup. 132, found the required notice to be a limitation creating a condition subsequent to be properly pleaded by the defendant. Significantly, however, in the Harris case, the plaintiff sought to anticipate such defense, and alleged a written notice containing no description of her injuries. Under such circumstances, the court sustained a demurrer to the complaint, finding that having alleged such notice, all the essential elements should have been included.
Of interest, in this connection, is the recent case of Empronto-McKevitt v. Meridan Housing Authority, 15 C.L.T. 17, 308 (Gaffney, J.). In that case, the court seems to have extended the impact of 8-67 beyond the limitation interpreted in either the Hunt or Harris cases (supra). In the Empronto-McKevitt cases (supra), the court expressly found that8-67 is in derogation of the common law which barred actions against municipal authorities on sovereign immunity grounds. Because 8-67 created a right in injured parties against Housing Authorities in derogation of the common law, it must be strictly construed.
As heretofore mentioned, the plaintiff in paragraph ten of her second count alleged that notice of the time and place of the plaintiff's damages was given to the Stamford Housing Authority within six months of the occurrence. The Housing Authority has denied this allegation. Interestingly, during deliberations, the jury asked the following question:
 "Answer and special defense, Stamford Housing,"
"don't understand paragraph 10."
The court, in response, read Connecticut General Statutes8-67 and told the jury that there was no evidence that any CT Page 9676 notice was give, and, again, explained that under the statute, whenever suit is brought against any public Housing Authority, notice must be given within six months.
Plaintiff's counsel argued strenuously that the notice requirement was a matter of defense and not his burden to prove. However, as indicated under Harris v. Housing Authority, supra, once having anticipated such defense by affirmatively pleading notice, Section 8-67 must be strictly construed. See Empronto-McKevitt, supra.
"It is basic law that a party who alleges the affirmative of any issue, albeit gratuitously, will be held to have assumed the burden of proof with respect to that issue." Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 9; Willimetz v. Guida-Seibert Dairy Co., 157 Conn. 295, 303; Silva v. Hartford, 141 Conn. 126,128.
The plaintiff has failed to sustain her burden of proof with respect to an essential allegation of her complaint. The motion to set aside is granted. The motion for judgment notwithstanding the verdict is denied and a new trial is ordered. Although "the plaintiff in this case could not recover because the evidence failed to establish an essential element in her case, she should not be deprived of an opportunity by a retrial to secure judgment either on the pleadings as they stood or as they might be amended." Gesualdi v. Connecticut Co.,131 Conn. 622, 626. A judgment non obstante veredicto "cannot properly be entered where the person in whose favor the general verdict was rendered is not entitled to judgment upon it because of a failure of proof at the trial which maybe remedied at a new trial." Gesualdi, supra at page 627.
BELINKIE, J. JUDGE REFEREE CT Page 9677