[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS-CLAIM DEFENDANT'S MOTION TO STRIKE
In this case, defendant/cross-claim plaintiff, Ebenstein Ebenstein, P.C. ("Ebenstein"), a Hartford law firm, has been sued by one of its former clients, plaintiff Anthony Redden ("Redden"), for legal malpractice and violation of General Statutes 42-110a, the Connecticut Unfair Trade Practices Act ("CUTPA"), based on its alleged mishandling of Redden's recent personal injury lawsuit against the Hartford Housing Authority ("HHA"). In the subject lawsuit, Redden sought to recover damages for certain serious physical injuries he claims to have suffered in a December 4, 1986 fire in an HHA-owned apartment. On September 14, 1992, this lawsuit ended when the trial court granted the HHA's motion for summary judgment on the ground that Redden had failed to comply with the mandatory notice requirement of General Statutes 8-67.
Section 8-67 provides that any person who wishes to recover damagaes [damages] from a local housing authority for an injury sustained on property owned or controlled by the authority must file
 written notice of [his] intention to commence such action and of the time when and the place where the damages were incurred or sustained with the chairman or secretary of the authority within six months after the cause of action therefor arose.
In Redden's case, the trial court ruled that summary judgment was appropriate because he failed to file the required statutory notice until June 10, 1987, exactly six months and six days after his injuries were sustained and his resulting cause of action accrued.
In the instant case, redden complains that Ebenstein committed malpractice and violated CUTPA in two ways: first, by failing to timely file with the HHA his notice of claim and intention to file suit, though it could readily have done so, having first agreed to represent him in that CT Page 2349 matter nearly two months before the notice was due; and second, by fraudulently concealing until approximately January 1, 1991 its negligent failure to file his statutory notice on time. As a result of Ebenstein's conduct, Redden claims both to have lost his right to recover damages from the HHA for the injuries he suffered in the apartment fire and to have suffered resulting anxiety and emotional distress.
Ebenstein has denied all of Redden's allegations of wrongdoing, and has asserted that each of his legal claims is barred by the applicable statute of limitations. In addition, it has successfully moved this Court, under General Statutes 52-102 and 52-572h (1987 Rev.), to cite in Hartford County Deputy Sheriff William V. Myers as a party defendant to this case, claiming that Myers is a necessary party for a complete determination or settlement of the questions involved herein. General Statutes 52-102. Instead, however, of requesting that the plaintiff file an amended complaint pleading facts stating the interest of Sheriff Myers in this lawsuit, Ebenstein requested the Court's permission to serve Myers with its own three-count "Cross Claim", in which it has sued Myers in its own right for apportionment of damages, breach of contract and negligence.
In the first count of its Cross-Claim, Ebenstein alleges that Myers is personally responsible for all or part of Redden's claimed damages because, though he contractually agreed with Ebenstein to file Redden's statutory notice with the HHA on or before the June 4, 1987 statutory deadline, he negligently failed to do so. Ebenstein thus claims that its own proportionate responsibility, if any, to pay Redden's damages should be reduced because of Myers' negligence under the apportionment formula now contained in General Statutes52-572h (1987 Rev.).
Under that formula, which became law with the passage of Public Act 87-227 ("Tort Reform II"), damages in "any negligence action to recover damages resulting from damage to property occurring on or after October 1, 1987" are to be apportioned among all parties to that action whose negligence is found to have proximately caused those damages. Ebenstein therefore claims that Myers is a CT Page 2350 necessary party to this action because if he is not made a "party", it will not be entitled to rely on his negligence as a basis for reducing its own proportionate responsibility to pay Redden's damages in this case.
In the second and third counts of its Cross-Claim, Ebenstein sues Myers for breach of contract and negligence in the performance of his contractual duties. As damages, it seeks both to recover the costs and expenses involved in defending this lawsuit and to be indemnified for any damages it may ultimately be ordered to pay to plaintiff Redden as a result of this case.
The case is now before this Court on Myers' Motion to Strike each and every count of Ebenstein's Cross-Claim. For the following reasons, Myers' Motion is hereby granted.
 I.
A motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989). A motion to strike "admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983).
 II.
Myers' initial claim on his Motion to Strike is that the first count of Ebenstein's Cross-Claim does not state a claim upon which relief can be granted because it fails to serve the only purpose for which its filing is claimed to have been necessary: to enable Ebenstein to seek apportionment of damages between itself and Myers under the formula now set forth in General Statutes 52-572h (1987 Rev.). This is so, Myers claims, because this case is CT Page 2351 governed not by the current version of that statute, which applies only to "negligence action[s] to recover damages resulting from . . . damage to property occurring on or after October 1, 1987," id., but by the pre-existing version of that statute.
The earlier version of Section 52-572h, which became law on October 1, 1986, with the passage of Public Act 86-338 ("Tort Reform I"), did not limit apportionment of damages to parties. Instead, it provided more liberally that:
 (c) . . . in a negligence action to recover damages for personal injury or wrongful death occurring on or after October 1, 1986 if the damages are determined to be proximately caused by the negligence of more than one person, each person against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic . . . and . . . noneconomic damages.
General Statutes 52-572h (1986 Rev.). Arguing that plaintiff Redden's instant lawsuit is clearly governed by this earlier version of the statute because the only damage he complains of became actionable on June 4, 1987 — the last day his right to sue the HHA could have been saved by the filing of a proper statutory notice of claim and intention to sue — Myers insists that he cannot fairly be regarded as a necessary party to this action. He argues, more particularly, that since Tort Reform I permits Ebenstein to seek apportionment of damages among all "persons" whose negligence is shown to have proximately caused the plaintiff's injuries, whether or not they are parties to the action his presence as a party adds nothing to Ebenstein's established legal rights.
Ebenstein counters Myers' argument by asserting that even if its last alleged act of negligence could not have occurred later than June 4, 1987, no actionable harm resulted from that negligence until the date on which the HHA's motion for summary judgment was granted. On that CT Page 2352 basis it argues that this is indeed a "negligence action to recover damages resulting from . . . damage to property occurring on or after October 1, 1987," id., and thus that it is governed by the "parties only" apportionment formula of tort Reform II.
Central to Ebenstein's argument is the claim that Redden suffered no actionable injury until the trial court granted the HHA's motion for summary judgment on September 14, 1992. In support of this claim, Ebenstein relies principally on the Connecticut Supreme Court's decision in Bank of Hartford County v. Waterman, 26 Conn. 323,332 (1857). In Waterman, the Supreme Court held that a sheriff's improper service of an attachment did not become actionable until the party for whom it was served obtained judgment against the owner of the subject property and was thwarted in its effort to satisfy that judgment because the property in question was no longer available and all other means for collecting its judgment debt had been exhausted.
Ebenstein relies on Waterman for the general proposition that an act of negligence does not become actionable until the party bringing suit has suffered some legally injurious consequence as a result of that act. Here, it concludes, no such consequence occurred until the HHA's motion for summary judgment was finally granted in September of 1992.
The Court agrees with Myers that plaintiff Redden's lawsuit is not governed by the "parties only" apportionment formula of Tort Reform II, and thus that his status as a party is immaterial to Ebenstein's right to assert his negligence as a basis for reducing its own proportionate responsibility for and resulting liability to pay Redden's damages. On that basis, it concludes that the first count of Ebenstein's Cross-Claim must be stricken because it fails to state a claim upon which relief can be granted.
To begin with, Redden's lawsuit is obviously not a "negligence action to recover damages resulting from . . . damage to property occurring on or after October 1, 1987. General Statutes 52-572h (1987 Rev.). Instead, it clearly appears that Redden's cause of action accrued several months before October 1, 1987, and thus that his CT Page 2353 apportionment rights, if any, are governed by the more liberal apportionment formula of Tort Reform I.
A malpractice action based on alleged negligence by an attorney is governed by the statute of limitations for tort actions set forth in General Statutes 52-577. Shuster v. Beckley, 5 Conn. App. 473, 477-78 (1985). This is so even where the attorney has been hired or his allegedly negligent services have otherwise been contracted for. Id.
Section 52-577 provides that, "No action rounded upon a tort shall be brought but within three years from the date of the act or omission complained of." Therefore, in deciding when a legal malpractice action accrues, the operative date is the "date of the act or omission complained of," id., not the date of any consequence to which that act or omission may have led.
In this case, the "damage to property" which is at the root of plaintiff Redden's claim is the loss of his right to recover damages from the HHA for the physical injuries he suffered in the December 4, 1986 apartment fire on HHA property. Though the loss of this right was not officially recognized until the date on which his initial lawsuit ended with the entry of summary judgment against him, that result became inevitable once the six-month statutory notice deadline came and went without a proper filing of his notice of claim and intention to file suit.
It is true, of course, that the failure to file a notice under Section 8-67 has not been held to be a condition precedent to the filing of a lawsuit, in default of which the suit must be dismissed for lack of subject matter jurisdiction. See, e.g., Hunt v. Housing Authority,21 Conn. Sup. 65, 66 (1958). Still, the law makes it clear that the failure to file such notice gives rise to a fully effective special defense which an injured party will be powerless to overcome. Id. at 66.
In this case, then, the "date of the act or omission complained of" is clearly the date on which the defendant's alleged negligence finally resulted in the forfeiture of the plaintiff's right to recover damages against the HHA. That day, of course, must be the final date of the statutory notice period, for before then any failure to CT Page 2354 file notice could have been remedied by a later timely filing, but after then any further effort to preserve the plaintiff's rights would have been utterly futile. Because, to conclude, the omission here complained of occurred long before October 1, 1987, the plaintiff's cause of action accrued before Tort Reform II became law.
Bank of Hartford County v. Waterman, supra, the case cited by Ebenstein for the general proposition that a cause of action does not accrue until a consequential injury occurs, actually supports the foregoing analysis. There, the Court had before it a special situation in which the negligent acts alleged neither did nor could have resulted in actionable injury until several after-occurring events unfolded. Waterman, a sheriff hired to attach a certain piece of property, unwittingly defaulted in his duty by attaching the wrong parcel. Unaware of his mistake, he returned his process with an incorrect averment that the proper parcel had been attached. In the meantime, the party which had hired the sheriff to attach the subject parcel successfully sued the owner of that parcel and won a judgment against him. When, however, it sought to satisfy that judgment by executing upon the parcel it thought it had attached, it learned for the first time both that that parcel had not been attached and that it was no longer owned by the defendant. Thereafter, upon determining that the defendant had no other property against which it could satisfy its judgment, the judgment creditor finally sued the sheriff.
In reaching the conclusion that the sheriff's negligence did not become actionable until an unsuccessful effort to satisfy the plaintiff's judgment was attempted, the Waterman Court expressly acknowledged that it was departing from the ordinary rule. Under the ordinary rule, the Court observed, an action accrues from the date of the defendant's last alleged act or omission which proximately caused the harm complained of. Whether or not the full extent of a party's injury can then be ascertained is immaterial as long as it is clear that he has suffered some form of actionable harm.[1]
Where, however, the defendant's negligent conduct creates no immediate harm, but merely makes possible the occurrence of harm at some uncertain future time, the rule CT Page 2355 to be applied is that the cause of action does not accrue unless and until the harm actually occurs. Id. at 338. Therefore, in the case before it, the Waterman court held that the sheriff's negligence in the service of the attachment did not become actionable until after a judgment had been obtained and all efforts to satisfy it had proved fruitless. Id. Only then, the Court reasoned, could it fairly be said that the defendant's negligence actually caused an injury. Id. at 339.
In this case, by contrast, it is obvious that the real and immediate consequence of the defendant's alleged failure to file statutory notice was a fixed and final loss of Redden's right to recover damages from the HHA. Whether he waited one month, one year or ten years before judgment was entered against him, his right to recover against the HHA was irretrievably lost once the statutory deadline expired. Whereas the default which occurred in Waterman had no effect on the plaintiff's right to pursue his action and to obtain a judgment and need not have defeated his right to collect upon that judgment if the defendant had had any other property upon which to execute, the failure to file notice in this case directly and immediately deprived plaintiff Redden of any right to recover damages for his injuries.
For the foregoing reasons, Ebenstein's alleged negligence became actionable as soon as the statutory deadline expired on June 4, 1987. Because, for that reason, this case is not governed by the "parties only" apportionment formula of Tort Reform II, Myers is not a necessary party to this action, and the first count of Ebenstein's Cross-Claim must be stricken for failure to stated a claim up [on which relief can be granted.
 III.
Myers next argues that the second and third counts of Ebenstein's Cross-Claim must be stricken because the proper statutory procedure for filing them was not followed in this case. He claims, more particularly, that the proper procedure for filing claims against third persons who are not parties to a pending lawsuit is to move the trial court under General Statutes 52-102a for permission to file a third party complaint against them on the ground that they CT Page 2356 are or may be liable to the defendant for all or part of the plaintiff's claims against him. Because the defendant filed no such motion in this case, he argues that both improperly filed counts should be stricken from his Cross-Claim. For the following reasons, the Court agrees with Myers and orders that the second and third counts of his Cross-Claim must be stricken.
In the defendant's Motion to Cite In Additional Defendant, it did not invoke the authority of General Statutes 52-102a, and did not state grounds which the trial court could fairly have understood to arise thereunder. Instead, it presented its request in an entirely different guise — styling it a "motion to cite in" under Section 52-102. Not only did it so entitle its motion but the only authority it cited was Section 52-102, and the only ground it stated — to bring in a necessary party — arose thereunder.
The Court therefore concludes that even though the pleading in question was appended to the defendant's Motion to Cite In, the trial court did not grant it permission to take the quite different step of filing a third party action against Myers, for which separate permission, on a different legal basis, was required.
The second and third counts of the defendant's Cross-Claim are therefore stricken without prejudice to the defendant's right to file a proper motion for permission to file a third party complaint under Section 52-102a.
 IV.
In view of the foregoing conclusions, the Court need not decide Myers' final claim on this Motion to Strike: that the third count of Ebenstein's Cross-Claim is barred by the applicable statute of limitations. For all of the foregoing reasons, the defendant's Cross-Claim is hereby ordered stricken.
Sheldon, J.