[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was filed in April, 1993 by the minor plaintiff Karen Weiss and by her mother and next friend, plaintiff Bonnie Weiss, who allege that on May 11, 1991, while stepping off a broken and crumbling concrete curb located at the corner of Bertolf Road and Reed Lane in the Riverside section of Greenwich, the minor plaintiff fell and sustained serious injuries. Counts one and two of the revised amended complaint, dated June 30, 1993, are directed to the town of Greenwich (Town) and the Greenwich Housing Authority, Inc. (Housing Authority), and are brought under the defective highway statute, General Statutes 13a-149.[1] Plaintiffs claim that the Town is the record owner of the property where the accident occurred, and that the Housing Authority is responsible for the maintenance and upkeep of the curb area where the fall is alleged to have taken place. Counts three and four are directed against the Housing Authority only and assert that this defendant created a nuisance by permitting the curb in question to crumble and fall into a state of disrepair. The Housing Authority filed two special defenses which allege that the minor plaintiff was contributorily negligent and that the action against it is barred due to plaintiffs' failure to comply with the notice requirements of General Statutes 8-67.[2]
The Housing Authority has now filed motion #111 seeking summary judgment on the basis of insufficient notice under 8-67. The moving papers include an affidavit from the executive director of the Housing Authority indicating that neither the chairman nor the secretary received written notice of the plaintiffs' intention to commence an action within six months of the date of accident. In opposition to the motion for summary judgment, plaintiff Bonnie Weiss filed a counteraffidavit stating that she had given notice of CT Page 3797 the accident to the Housing Authority on or about May 23, 1991, and a copy of the form which she submitted. Plaintiffs claim that the filing of this form, entitled "General Liability Insurance Housing Authorities Incident Report," satisfies their obligations under8-67. In this form, Bonnie Weiss referred to Karen Weiss as the "claimant" and made reference to a broken curb.
The Town also filed several affidavits in opposition to the Housing Authority's motion for summary judgment, including affidavits by the Greenwich Town Attorney, and the town's Insurance Coordinator, Dominick Galdi, which point out that the Housing Authority's file on this incident included a copy of plaintiffs' notice of June 10, 1991, referring to the intention to commence an action against the town under General Statutes 13a-149. The affidavits in opposition to summary judgment include a representation by Galdi that he spoke with the Executive Director of the Housing Authority on June 18, 1991, who advised the affiant "that the Greenwich Housing Authority was aware of the matter and had already notified their insurance carrier of the incident."
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations and internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
"Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner CT Page 3798 which is speedier and less expensive for all concerned than a full-dress trial." United Oil v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). "It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues which often need the full exploration of trial." Id.
"In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations and internal quotation marks omitted.) Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838, ___ A.2d ___ (1994). In the context of this case, the court's role is not to decide whether the plaintiffs complied with General Statutes 8-67, but whether an issue of material fact regarding compliance with the statute exists. It seems evident that the plaintiffs did not send a notice to the Housing Authority specifically invoking 8-67, but they did file a notice of claim with this defendant referring to the place and date of the accident and describing themselves as "claimants." It also clear that the Town forwarded to the Housing Authority the13a-149 notice it had received from the plaintiffs.
General Statutes 13a-149 requires that notice be given in order to bring a defective highway claim against a municipality. "[T]he plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery." Sanzone v. Board of Police Commissioners,219 Conn. 179, 198, 592 A.2d 912 (1991). The Housing Authority argues that the failure to comply with 8-6 likewise bars a recovery. However, two Superior court decisions have held that the written notice required to bring an action against a housing authority is not a condition precedent to the bringing of an action, but rather constitutes a limitation creating a condition subsequent. Hunt v. Housing Authority, 21 Conn. Sup. 65, 66, 144 A.2d 539 (1958); Harris v. Housing Authority, 21 Conn. Sup. 132, 134, 146 A.2d 418
(1958). Conversely, a more recent Superior Court decision held that 8-67 creates a cause of action against a municipal agency in derogation of the common law and must be strictly construed. Empronto-McKevitt v. Meridan Housing Authority, 4 CSCR 308 (March 1, 1989, Gaffney, J.).
As noted above, the affidavit submitted by the Executive Director of the Housing Authority in support of summary judgment states that the plaintiffs did not serve notice of intention to commence a lawsuit pursuant to 8-67. Bonnie Weiss's affidavit, CT Page 3799 filed in opposition, states that she filed a Greenwich Housing Authority Claim form with Terry Mardula, tenant specialist for the Greenwich Housing Authority on May 23, 1991. In the absence of appellate court authority that the provisions of 8-67 should be strictly construed, the Housing Authority has not met its burden of proving that the plaintiffs' notice was insufficient as a matter of Moreover, even if 8-67 were to be strictly construed, and to constitute a condition precedent to maintaining an action against a housing authority, "whether notice is sufficient is normally a question of fact for the jury. The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently. Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred. . . ." (Citations and internal quotation marks omitted; emphasis in original.) Bassin v. Stamford, 26 Conn. App. 534, 539,602 A.2d 1044 (1992). See also, in the context of a claim involving state highways brought pursuant to General Statutes 13a-144, Lussier v. Department of Transportation, 228 Conn. 343, 354, 636 A.2d 808
(1994) ("[U]nless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case"). Thus, the Housing Authority has failed to demonstrate that no genuine issue of material fact exists as to the sufficiency of the notice of the incident furnished to it by the plaintiffs. Practice Book 384.
Accordingly, the Housing Authority's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of April, 1994.
William B. Lewis, Judge