[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This plaintiff claims to have been injured on the property of the city Housing Authority and has brought suit pursuant to Section 8-67 of the General Statutes. That statute provides that an injured party may bring suit against the authority within two years after the cause of action for any injury has arisen,
 . . . provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose.
The defendant has moved for summary judgment claiming this action is barred due to the plaintiff's failure to comply with the notice requirements of Section 8-67 of the General Statutes. Such a motion may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, Doherty v. Graham, 161 Conn. 248, 250 (1971).
The defendant points to Zotta v. Burns, 8 Conn. App. 169, 173
(1986), an action brought against the state pursuant to Section 13-144 of the General Statutes. The comments made by the court regarding that statutory remedy are applicable to Section 8-67
since the statute is in derogation of the common law it must be strictly construed. The defendant has submitted an affidavit from the executive director of the Housing Authority that states neither the plaintiff or her lawyer served notice of their intention to commence a lawsuit pursuant to 8-67 as "a result of a fall down injury which allegedly occurred on January 28, 1994." The defendant relies on this affidavit to argue that "neither the chairman nor the secretary of the Housing Authority has received within six months (or at any time) written notice of intention to commence a lawsuit from either the plaintiff or their legal representative."
The plaintiff strenuously resists the motion arguing that a genuine issue of material fact is present and that such a motion is particularly inappropriate where the issue in contention involves a mixed question of law and fact. The burden is of course on the moving party when such a motion is made and it has been said that: "Uncertainty as to the true state of any material fact defeats the motion", U.S. v. One Tintoretto Painting,691 F.2d 603, 606 (C.A. 2, 1982). CT Page 12494
In a suit brought against a municipality under Section 13a-149
and discussing the notice provision in that statute the Appellate Court made general remarks fairly applicable to the purpose of the notice in Section 8-67:
 Whether notice is sufficient is normally a questions of fact for the jury . . . `the obvious purpose of the (statutory notice provision) is that the officers of municipal corporations against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently' Bassin v. Stamford, 26 Conn. App. 534, 539 (1992).
An older case puts the purpose of these notice provisions more exactly and I believe provides the test by which they are to be judged.
 The notice is to be tested with reference to the purpose for which it is required. The purpose of the requirement of notice is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (emphasis added).
Morico v. Cox, 134 Conn. 218, 223 (1947).
Most of the adequacy of notice questions that arise under Sections 13a-144, 13a-149 and 8-67 of the General Statutes involve issues such as whether an injury was adequately described or whether the notice given gives sufficient indication of the location of the defect or condition that allegedly caused the injury. These questions can be difficult enough in particular cases. What is perhaps a more difficult problem is presented when the notice given doesn't comply with statutory requirements that it be given to a particular individual in the governmental agency CT Page 12495 involved.[1]
Only one case, a federal case, deals with this precise issue. The issue was whether the notice provisions of Section 13a-149
were complied with. The plaintiff did not file a notice of claim within the statutory time period but she argued that a police report filed a few days after the accident satisfied the statutory notice requirement. The court rejected the argument,Murray v. City of Milford, 380 F.2d 468, 473 (C.A. 2, 1967). The court noted that: "A police report, while possibly containing the requisite description of the accident, is not notice that a claim will be made against the city. Its legal department does not routinely investigate every accident reported by police and the statute was clearly not meant to impose such a burden on the city."
It has also been held that an assistant city clerk could not waive compliance with the defective highway statute which requires notice of injuries by accepting a defective notice which didn't set forth the cause of the injury. Neither could the city be estopped from taking advantage of the notice requirement because the clerk accepted it even though the clerk prepared the notice for the immigrant husband of the injured woman and he had "an imperfect command of English", Nicholaus v. Bridgeport,117 Conn. 398 (1933). The court said: "The giving of such a notice as the statute requires is a condition precedent to the maintenance of the action, the obligation to comply with the statute rests upon the plaintiff and knowledge of the facts by officers of the city will not obviate the necessity of such compliance." Id. p. 401.
What "notice" do we have here? The notice given is established by affidavits from the plaintiff and her attorney and a legal assistant in his office as well as the deposition of a Housing Authority official and various letters to the city's carrier within the six month notice period.
The plaintiff submitted an affidavit saying that apparently on the day of her fall January 28, 1994, she personally went to the Meriden Housing Authority "office" and gave notice of the date, time and location of the accident which caused the injuries on which she now bases her suit. She relates that no "officer" of the authority asked her "to provide further notice of her intention and/or claims for compensation". CT Page 12496
The plaintiff's lawyer submitted an affidavit in which he notes that in a deposition of the authority's Public Housing Manager this lady admitted to receiving a call from the plaintiff on the date of the accident informing her of the fall. She asked the plaintiff to fill out a document called a "General Liability Insurance Housing Authority Incident Report, State Projects Only." The plaintiff came to the office and filled out this form and signed it on February 2, 1994, a few days after the accident. The deponent said the form once filled out would be forwarded to the finance office. Her instructions are when a complaint of injury has been made an accident report is to be taken and sent to the finance office.
The report that was filled out indicated the name of the project and its number and how the accident happened. The plaintiff said she was walking towards an identified apartment and slipped on ice in the parking lot. She says her left arm was broken. Assuming this document could be regarded as "notice", the defendant doesn't question its adequacy as to notice of place of the mishap or the type of injury that occurred. The notice requirements of Section 8-67 seem less stringent than Section13a-149 and the information supplied would appear to be enough to inform the authority of the location of the fall and the extent of the injuries.
An assistant to the lawyer has also submitted an affidavit saying he contacted an employee of the authority on February 2, 1994 to obtain its address as well as the proper representative to whom notice of the client's injury should be sent. He was told notice would not be accepted from the lawyer's office but the client would have to submit the appropriate notice. In response to that call, as noted above, the plaintiff was sent the same day to fill out the above referenced document.
On March 1, 1994, again, well within the six month notice period, the lawyer wrote a letter to the authority's insurer saying he represented the plaintiff who sustained injury on premises controlled by the authority. The lawyer enclosed a copy of the above mentioned claim report which he said his client submitted to the authority. All further inquiries were to be directed to the lawyer's attention. The insurance company acknowledged receipt of the March 1 letter and a request for specials and records was made regarding work loss and treatment.
The difficulty presented by this case lies in the fact that CT Page 12497 it can be argued that all the purposes that might be defined as the object of the notice provision of the statute have been accomplished. This is not a case like Murray where the city was not given notice that a claim was being filed against it or a case like Nicholaus where the notice actually given didn't comply with the predecessor statute to Section 13a-149 since it didn't set forth the cause of the injury.
However, if the notice provisions of Section 8-67 are examined two defects are raised by the record before me. Section8-67 differs from Section 13a-149 in that the latter statute only requires that notice of the injury, its cause, time and place must be given. Section 8-67 requires notice be given of "the intention to bring (an) action" — i.e. a suit. Admittedly statutes in derogation of the common law must be strictly construed but I don't take that admonition from the appellate courts to require that common sense be abandoned. In the notice Ms. Martinez filled out and filed on February 2, 1994 the word "claimant" is used six times. The document is entitled a "General Liability Insurance — Report." The lawyer wrote the authority's carrier less than thirty days later. It would be obvious that litigation was in the offing and to give notice of a claim prior to or instead of a notice that suit would be filed affords as much protection as notice that an action is to be filed — perhaps more since a claim can be made almost immediately whereas the decision to file suit may turn on factors that could take weeks or months to resolve. I'm also somewhat reluctant to interpret a statute in such a way that it would require that a lawyer's opening salvo be the threat of a suit. What does it really have to do with actual notice or with accomplishing the purposes of the statute in requiring notice.
But the more serious defect is the fact that notice to commence an action must be "filed with the chairman or the secretary of the authority" . . . Section 13a-149 says the requisite notice must be given to a selectman or to a clerk. I agree with the concern expressed in Murray that a town or a housing authority faced with the prospect of litigation shouldn't have to search its records or quiz its employees to find out if a claim is being made against it. That's the reason why these statutes require that specific individuals are to be given notice — the governmental authorities can set up efficient procedures as to the processing of claims. That may be the basis of the doctrine that an employee of the city can't waive notice requirements. If unauthorized people could do so, then the whole CT Page 12498 notice mechanism to a governmental agency would collapse since that employee does not have the responsibility to handle claims or take the necessary steps to protect the government agency's position which is the purpose of notice in the first place, cfStoltz v. Town of West Hartford, CV95-0548824 S, (Hartford J.D., 10/95).
Here, however, when we examine all the affidavits, notice forms, and correspondence involved it is obvious that the notice of the claim got exactly to the people who would be entrusted with protection the city's interests — the insurance carrier. In fact from the title of the report Mrs. Martinez filled out "General Liability Insurance Housing Authority Incident Report" it would appear that the form itself was prepared at the behest of or to assist the insurance company in the handling of claims.
The report garners more information to help the authority defend itself than the bare bones notice required by Section8-67. Under these circumstances I find it difficult to hold as a matter of law that the notice given didn't satisfy the purposes for which notice is required in the statute. The failure to leave the notice with the identified authority officials in this case should not be held a failure of notice as a matter of law. AsMorico v. Cox, supra said "The notice is to be tested with reference with to purpose for which it is required." Although this is a difficult case I agree with the decision of the court in Weiss v. Greenwich Housing Authority Inc., 11 Conn. L. rptr.. 301,9 CSCR 433 (1994) based on similar fact, and will not grant the defendant authority's motion for summary judgment.
Thomas Corradino, Judge