[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#133)
On or about June 16, 1995, the plaintiff Suzanne Passini served a writ, summons and complaint upon the Town of Winchester/City of Winsted with a return date of July 11, 1995. Said complaint alleges that the plaintiff, Suzanne Passini was injured when she tripped and fell on a sidewalk in the Town of Winchester/City of Winsted. Although said complaint indicates that notice is required by statute to the defendant, no such notice has been produced by the plaintiff and the defendant denies any such notice was given to the Town of Winchester.
The defendant has filed a motion for summary judgment on the grounds that the plaintiff failed to provide notice to the Town of Winchester as required by Connecticut General statute 13a-49.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact.," D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 429 A.2d 908 (1980). A material fact is one that will make a difference in the case.Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311
(1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. C.B.S. Inc., 196 Conn. 91,111, 491 A.2d 368 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). If the party opposing the motion does not respond by affidavit or as otherwise provided by Practice Book 380, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury HouseWrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983).
The defendant claims that the motion for summary judgment should be granted as a result of the plaintiff's failure to provide proper notice to the Town of Winchester. Connecticut General statute § 13a-149 states that no action for any such injury shall be maintained against any town, city, corporation, or bureau unless written notice of such injury, a general CT Page 3663 description of same, the cause thereof, and the time and place of its occurrence shall within ninety (90) days thereafter be given to the selectman or clerk of such town. The statute provides in pertinent part as follows :
 . . . Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
The plaintiff has alleged the giving of notice but the complaint does not allege the giving of a written notice. The giving of such a notice is a condition precedent to the institution of an action for injuries under the statute. See Hoyle v. Putnam46 Conn. 56, 61; Nicholaus v. Bridgeport, 117 Conn. 398, 401; Young v.Stamford, 15 Conn. Sup. 442. "Knowledge by an officer of the defendant of the facts required to be set forth in such a written notice does not obviate the requirement." Young, supra,15 Conn. Sup. 442.
The plaintiff having failed to comply with the notice requirement provision of section 13a-149, the motion for summary judgment is granted.
PICKETT, J.