[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff Carlos Maysonet alleges that on January 1, 1993, he slipped and fell down icy steps outside the rear of the building where he resided at the Rice Heights public housing project in Hartford, sustaining injuries. Pursuant to Connecticut General Statutes Section 8-67, he was required to provide written notice of his intention to commence suit and of the time and place of the incident with the chairman or secretary of the housing authority within six months after the cause of action arose, or by July 1, 1993.[1] It is conceded by plaintiff that the requisite notice was erroneously served upon the City of Hartford, was then forwarded to the defendant housing authority, and was not received by the housing authority within the six month statutory period. However, plaintiff alleges in Paragraph 8 of his complaint that the "defect in service of the notice was rectified and remedied, and the notice was validated by passage of Special Act 94-13, Sec. 3 published at p. 1201, Vol. 3 of the 1994 Public and Special Acts."[2] On January 3, 1996, defendant filed an amended answer to plaintiff's complaint. Its Second Special Defense asserted that plaintiff's claim is barred by his failure to comply with the requirement of Section 8-67 that written notice be served on the chairman or secretary of the housing authority within six months of the date of the alleged CT Page 6443 accident and that the Special Act allegedly remedying the defect violates Article First, Section 1 of the Connecticut Constitution because it provides plaintiff with an exclusive public emolument or privilege.[3] On May 1, 1996, defendant filed a Motion for Summary Judgment arguing, in substance, that defendant was entitled to judgment as a matter of law, reiterating the reasoning set out in its Second Special Defense.
Plaintiff responded with an August 21, 1996, Motion to Strike the Second Special Defense in Defendant's Amended Answer dated January 3, 1996, and a memorandum in support. The memorandum also raised arguments in opposition to defendant's Motion for Summary Judgment.
Having ordered the filing of supplemental memoranda, considered the full record, and analyzed the issues and arguments presented, I have concluded that plaintiff's Motion to Strike must be denied and that defendant's Motion for Summary Judgment must be granted.
Legal Discussion
The dispositive issue in this case is whether the Special Act purporting to remedy the defective notice conferred an exclusive emolument or privilege on plaintiff in violation of Article First, Section 1 of our State Constitution.
This issue is raised in the context of a motion for summary judgment pursuant to Practice Book Section 378 et. seq. "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765,772, cert denied, 228 Conn. 908 (1993). The court is "confined to an examination of the pleadings and affidavits to determine whether they show that there is no genuine issue as to any material fact and that the defendants [are] entitled to judgment as a matter of law." Yanow v. Teal Industries, Ic.,178 Conn. 262, 269 (1979). "The function of the trial court is only to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does not exist until the parties are afforded a full hearing . . . Issue finding, rather than issue determination, is key to the procedure." (Citations omitted). Id. "The test for granting judgment is whether the moving party would be, entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279-80 (1989). The CT Page 6444 summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. Mac's Car City. Inc. v. American National Bank, 205 Conn. 255,261 (1987). Special defenses must be initially pleaded before a motion for summary judgment can be based on a special defense. Mac's Car City, Inc. v. DeNegris, 18 Conn. App. 525,528-29, cert. denied, 212 Conn. 807 (1989).
The issue presented by this case is also raised in light of the well-accepted and fundamental principle, stressed by plaintiff, that challenging a statute on constitutional grounds "always imposes a difficult burden on the challenger." Faraci v.Connecticut Light Power, 211 Conn. 166, 168 (1989). As plaintiff notes, proper respect for a coordinate branch of government requires that every presumption must be made in favor of validity and that an act must be sustained unless its invalidity is established beyond a reasonable doubt. Lublin v.Brown, 168 Conn. 212, 220 (1975); Serrano v. Aetna Ins. Co.,233 Conn. 437, 448, fn. 13 (1995). Questions such as these must be approached with "great caution" and "infinite care" given the strong presumption that acts of the legislature are constitutional. Lyman v. Adorno, 133 Conn. 511, 514 (1947). A court should be exceedingly reluctant to override the legislature's conclusion and should uphold an act if it can be supported on any reasonable ground, either express or apparent. See Shelton v. Commissioner, 193 Conn. 506, 519 (1984); Beccia v.Waterbury, 192 Conn. 127, 133-4 (1984); Warner v. Gabb,139 Conn. 310, 313 (1952). A court should not base a decision on a constitutional ground if it has an alternative basis to rule.
Notwithstanding the difficult burdens facing defendant, and the extraordinary sense of caution which should guide a trial court before invalidating a special act of the legislature, after carefully considering this matter, I have concluded that Article First, Section 1 of our State Constitution in light of controlling precedents of our Supreme Court requires that defendant's motion for summary judgment be granted. A brief discussion of controlling precedents will place this ruling in proper context.
Legal Discussion
 Sanger v. Bridgeport, 124 Conn. 183 (1938) involved an action to recover damages for the death of plaintiff' s intestate, alleged to have been caused by a defective sidewalk. Defendant CT Page 6445 alleged in a special defense that the notice it had been given was deficient with respect to the description of the claimed injuries and the place of the occurrence. Plaintiff in reply alleged that the notice had been prepared by an assistant to the city clerk of Bridgeport, upon whom plaintiff relied for its preparation and to whom all essential facts were provided. Plaintiff also relied upon a special act of the legislature validating the notice. The court held that "The State may grant privileges to specified individuals without violating any constitutional principle in cases where sufficient reason exists." Id. at 189.
In Tough v. Ives, 162 Conn. 274 (1972), a special act gave plaintiff and her father the right to bring an action in which the concurring negligence of anyone other than the plaintiff or her father would not be a defense, conferring upon them a right enjoyed by no other person. The court found that the special act ran afoul of Article First, Section 1, stating:
 The broad provisions of article third, section 1 of our constitution vest the legislative power in the General Assembly, but that power is subject to the limitation that an act which serves no other purpose than an individual's gain or profit goes beyond the power of that body to enact and is necessarily void. Only if an act serves some public purpose can it be constitutionally sufficient . . . [The special act] . . . established a right available only to two persons, designated by name. Equal protection of the laws is absent when Patricia Tough is allowed to recover on a basis unavailable to another incurring identical injuries in an identical manner and differing from her in name only. Although we are not unmindful of the seriousness of the plaintiff's injuries, we cannot escape the conclusion that the right created was purely personal, without public purpose either expressed or implied and based on an unreasonable classification. CT Page 6446
(Citations omitted.) Id. at 292-293.
In Hillier v. East Hartford, 167 Conn. 100 (1974), the Supreme Court nullified a special act validating a late notice which was filed with defendant almost a year after plaintiff fell. After discussing the distinction between special acts which create rights as opposed to restoring remedies — a distinction mentioned in earlier cases — the court noted that the giving of notice pursuant to Section 13a-139 was a condition precedent to suit against a municipality. The court continued on to distinguish Sanger, noting that in Sanger, the notice, while partially defective, had been timely and had been prepared by a city employee upon whom plaintiff relied. In Hillier, the court also noted that the special act reflected the fact that Mrs. Hillier had not been aware of the notice requirement.
In Merly v. State, 211 Conn. 199 (1989), the Supreme Court again invalidated a special act of the legislature purporting to remedy a defective notice. In Merly, the plaintiff administrator of decedent's estate sought damages for a death caused by suicide while decedent had been a patient at a state-operated hospital. The legislature had passed a special act excusing the failure of the estate to present its claim to the claims commissioner within one year after it had accrued. The court found that the special act was prohibited by Article First, Section 1. Wrote Justice Shea:
 We have construed the provision of article first, section 1 prohibiting "exclusive public emoluments or privileges" to apply to legislation preferring, certain individuals over others when wholly unrelated to the public interest. "No enactment creating a preference can withstand constitutional attack if the sole objective of the General Assembly is to grant personal gain or advantage to an individual. Its validity is contingent, at least in part, upon its furthering a public purpose; if enacted with that view in end, legislation can be sustained even though it may incidentally confer a direct benefit upon an individual or a class." State ex rel. Higgins v. Civil Service Commission, 139 Conn. 102, 106, 90 A.2d 862 (1952). "Only if an act serves some public purpose can it be constitutionally sufficient." Tough v. Ives, supra, 292. CT Page 6447
 Under circumstances like those in the present case, where a special act has allowed a person named therein to bring a suit based upon a statutory cause of action that would otherwise be barred for failure to comply with a time limit specified in the statute, we have ordinarily been unable to discern any public purpose sufficient to sustain the enactment. Vecchio v. Sewer Authority, 176 Conn. 497, 503-507, 408 A.2d 254 (1979). (Emphasis added.) Id., 212-213.
In the instant case, the facts are not as compelling as inSanger or Merly, involving death, or Hillier, in which plaintiff was not aware of the notice requirement. Nor did an employee of defendant prepare the notice, as was the case in Sanger, in which the notice, while defective, was timely and in which the city employee had timely actual notice of the injury alleged.
I believe this case is controlled by Merly. In this case, as in Merly, it is not possible to discern any bona fide public purpose behind the special act, which benefits one person and one person only. Plaintiff's counsel argues, in essence, that the "public purpose" of the act is to see that justice is done in this particular case. But such a "public purpose" would exist in every case in which a defective notice had been given and would render the "public purpose" requirement of Merly and other cases a meaningless nullity.
Plaintiff also makes two other arguments deserving of consideration.[4]
First, relying on the discussion of "rights versus remedies" in the cases, he argues that Section 8-67 is not a condition precedent to establishing a right to sue, but is rather a condition subsequent upon the exercise of a pre-existing right.See White v. Edmonds, 38 Conn. App. 175, 185 (1995) (". . . the notice provisions of Section 8-67 act as limitations on recovery and not on liability . . ."); see also Hunt v. Housing Authority,21 Conn. Sup. 65 (1958); Harris v. Housing Authority,21 Conn. Sup. 132 (1958). Notwithstanding this distinction, the plain language of Section 8-67 states that an injured person may bring an action provided written notice of the intention to commence an action is given to the proper person within six months of the cause of action arising. In this case, in the complaint itself, CT Page 6448 it is conceded that timely notice was not given to the Housing Authority, but that the notice was erroneously served upon the clerk of the City of Hartford, an entirely distinct entity. As Judge Sheldon has noted, ". . . the law makes it clear that the failure to file such a notice gives rise to a fully effective special defense which an injured party will be powerless toovercome." (Emphasis added.) Redden v. Ebenstein, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-920517867S (March 7, 1994). Notwithstanding the apparent continuing vitality of the above-mentioned distinction, particularly in the procedural context of what must be pleaded and by whom, the distinction does not aid plaintiff in this case.
Plaintiff also argues that defendant seeks to inappropriately "wrap itself in the mantle of governmental immunity" and that it may not avail itself of the argument it puts forth because a municipal housing authority is not a governmental agency or "public body." See Plaintiff's Memorandum of Law in Support of His Motion to Strike Special Defense and In Opposition to Defendant's Motion for Summary Judgment dated August 21, 1996. But plaintiff provides no support for the apparent underlying premise of this argument — that Article First, Section 1 of our constitution is somehow inapplicable in this case because defendant is a public housing authority. Neither the broad language of this provision itself, nor the caselaw, lend support to plaintiff's claim that such an exception should be read into Article First, Section 1. See General Statutes Section 8-40 etseq.; see also Thorpe v. Housing Authority of the City of Durham,393 U.S. 268 (1969); Norwich v. Housing Authority, 216 Conn. 112,122 (1990) ("Housing authorities are hybrid organizations bearing many strong aspects of local authority and equally strong aspects of state authority."); Connelly v. Housing Authority,213 Conn. 354, 361 (1990) ("In the present case, however, the actions of the defendant, a creature of statute, are expressly authorized and pervasively regulated by both the state department of housing and HUD."); Owens v. Housing Authority, 394 F. Sup. 1267, 1273
(D. Conn. 1975) (activities of Stamford Housing Authority with respect to moderate income tenants are governed by due process constraints); as well as other cases cited in Defendant's Response to Court's Order dated October 4, 1996, filed on November 22, 1996. In the absence of a clear indication from our appellate courts that Article First, Section 1 is not applicable because defendant is a housing authority, the court is compelled to reject plaintiff's argument. CT Page 6449
Summary and Conclusion
For the reasons stated above, I conclude that Article First, Section 1 of our State Constitution, in light of controlling precedents and the particular circumstances presented in this case, requires that defendant's Motion for Summary Judgment be granted. Consequently, it is.
Douglas S. Lavine Judge Superior Court
ENDNOTES